OPINION
{¶ 1} Appellant, Larry Brown ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas dismissing this action. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} This case arises from litigation that has been ongoing for a number of years. In April 1998, appellee, Barry Snow ("appellee"), acting as executor of the estate of Joyce Brown, filed a wrongful death and survivorship action against appellant. The complaint alleged that appellant had intentionally killed Joyce Brown, who was his wife. *Page 2 
The case proceeded to trial, and a verdict was returned against appellant in the amount of $850,000. The trial court overruled a series of post-trial motions. We dismissed appellant's appeal as untimely regarding all but the trial court's denial of a Civ. R. 60(B) motion, and affirmed the trial court's decision denying that motion. Snow v.Brown, Franklin App. No. 99AP-1234, 2000 Ohio App. LEXIS 4398.
 {¶ 3} In December 1999, appellee filed an action in the Franklin County Probate Court seeking to bar appellant from receiving any benefit from Joyce Brown's estate. On December 18, 2000, the probate court issued an order finding that appellant was barred from benefiting from his wife's estate. On appeal, appellant argued that there had been misconduct involving ex parte communications between the trial court and counsel for the estate. We affirmed, finding in part that appellant was actually seeking to challenge the result of the wrongful death action.Snow v. Brown, Franklin App. No. 01AP-243, 2001 Ohio App. LEXIS 3913.
 {¶ 4} Appellant filed a series of Civ. R. 60(B) motions seeking relief from the judgment against him. In these motions, appellant made a number of assertions as grounds supporting relief from judgment, including multiple allegations of misconduct by the trial court and by the attorneys involved. Each of the motions was overruled, and in each case we affirmed the trial court's judgment, finding that appellant's arguments were largely repetitions of arguments that had been previously raised. See Snow v. Brown, Franklin App. No. 02AP-1236, 2003-Ohio-3300;Snow v. Brown, Franklin App. No. 04AP-507, 2005-Ohio-2333.
 {¶ 5} On June 21, 2006, appellant filed this action in the Franklin County Court of Common Pleas, which was assigned case No. 06CVC-06-8057 and initially assigned to *Page 3 
Judge Sheward. The complaint essentially alleged claims for intentional infliction of emotional distress. Appellee filed an answer that included a motion to consolidate the case with case No. 05CVH-09-10103, which was assigned to Judge Peterson. On September 18, 2006, Judge Sheward issued a decision and entry denying the motion to consolidate because case No. 05CVH-09-10103 had been terminated at that point and was pending before this court, but the court scheduled a hearing to consider whether the case should be dismissed based on the claims that had been asserted. We then dismissed appellant's appeal for lack of a final appealable order.Brown v. Snow (Oct. 10, 2006), Franklin App. No. 06AP-937. Judges Sheward and Peterson then signed an order consolidating the two cases, with Judge Peterson being assigned the cases based on his assignment to the older case number. The cases then remained on Judge Horton's docket after his election to the seat previously held by Judge Peterson.
 {¶ 6} On July 23, 2007, the trial court issued an order to show cause why the case should not be dismissed for failure to prosecute. The order contained case No. 06CVC-06-8057, rather than both consolidated case numbers. The court noted that the case had been on the court's docket for six months with no activity, and appellant was ordered to provide a response to the order by no later than July 26, 2007. On July 27, 2007, appellant filed a response to the show cause order. In the response, appellant described his medical history, outlining a long series of medical issues he had experienced, apparently as a way of explaining the lack of activity in his case. At the conclusion of the response, appellant asked for a six week delay, although it is not clear whether appellant was asking to delay any further action on the show cause order, or to delay any further proceedings in the case in general. *Page 4 
 {¶ 7} On October 2, 2007, the trial court issued an entry scheduling a hearing to further consider whether the case should be dismissed for failure to prosecute. The court noted that appellant had asked for a six-week delay, but that ten weeks had passed with no further action being taken in the case. On October 9, 2007, appellant filed a document titled "FACTS PROFFERED TO THE RECORD BY PLAINTIFF WITH THE COURT'S PERMISSION TO ANSWER COURT'S `ENTRY SCHEDULING HEARING.'" In that document, appellant again described medical problems he was experiencing, and asked for an additional delay.
 {¶ 8} On October 22, 2007, appellant filed a document entitled "FACTS SUBSEQUENT HEARING [sic] TO ENABLE COURT TO MAKE A MORE INFORMED DECISION." In that document, appellant again challenged the merits of the underlying wrongful death action and the decisions on the various post-trial motions that were made, once again arguing that the attorneys and one of the trial judges were guilty of misconduct.
 {¶ 9} On November 5, 2007, the trial court issued a decision and entry dismissing the case. The court found that appellant had failed to demonstrate good cause why the case should not be dismissed for failure to prosecute. The court then pointed out that a motion for summary judgment had been filed in the consolidated case No. 05CVH-10103, and that this case should have been terminated at the same time as that one had been terminated on November 2, 2006. The court also discussed the litigation history between appellant and appellee and the fact that appellant had raised misconduct by the judges *Page 5 
and attorneys at different points in that litigation.[1] The court thus concluded that dismissal was appropriate based both on the failure to prosecute and on res judicata.
 {¶ 10} Appellant filed this appeal, alleging three assignments of error:
 Assignment of error No. 1:
 Plaintiff Larry Brown was unconscionably constitutionally denied his guaranteed right to a full fair access to Court to legitimately redress the egregious wrong done him with willful malicious intent to harm. The trial judge knowingly abused his power of the public granted Bench.
 Assignment of error No. 2:
 The trial court additionally abused discretion when he wrote that plaintiff introduced no reasons why he was late in proceeding to conclude prosecution when it was know [sic] that delay utterly favored defendants and their hired agent a fellow officer of your Court.
 Assignment of error No. 3:
 Your lower Court failed to know that rules and the law are constantly evoling [sic] as intended by the writers of our United States Constitution. Why we have multiple layers of review. The trial court gave an additional excuse to dismiss in error when he wrote too much time has passed to permit examination of not refuted corruption of your lower court.
(Emphasis sic.)
 {¶ 11} We interpret these assignments of error as alleging generally that the trial court erred when it dismissed this case for failure to prosecute, and when it added as an additional ground for dismissal the doctrine of res judicata. *Page 6 
 {¶ 12} A dismissal for failure to prosecute is actually a dismissal pursuant to Civ. R. 41(B)(1). Civ. R. 41(B)(3) provides that a dismissal for failure to prosecute acts as a dismissal on the merits, unless the trial court in its dismissal order provides otherwise. A trial court's dismissal of a case for failure to prosecute is reviewed for abuse of discretion. Jones v. Hartranft, 78 Ohio St.3d 368, 1997-Ohio-203, 678 N.E.2d 530. "Abuse of discretion" as it applies to a trial court's dismissal for failure to prosecute "implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion." Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 437
N.E.2d 1199.
 {¶ 13} Initially, we note that appellant mischaracterizes the trial court's decision regarding appellant's failure to prosecute. Appellant characterizes the court's conclusion as being that appellant failed to offer any reason for the failure to prosecute, which appellant disputes based on the responses he filed setting forth the medical problems he was experiencing. However, the court did not conclude that appellant failed to offer any reason, but rather that the offered reason did not establish sufficient cause for the failure to prosecute. While we are not unsympathetic regarding medical problems appellant may be experiencing, we cannot say that the trial court abused its discretion in concluding that the medical reasons proffered by appellant did not excuse appellant's failure to take any action in pursuance of this case for a period of approximately eight to nine months (six months prior to the trial court's issuance of the notice, plus the time that passed between appellant's response to the trial court's notice, in which appellant requested six weeks to respond, and the filing of appellant's October 9 response to the trial court's order setting the case for a hearing on dismissal). Consequently, we overrule appellant's assignments *Page 7 
of error to the extent that it argues that the trial court erred when it dismissed this case for failure to prosecute.
 {¶ 14} Because the trial court did not abuse its discretion in dismissing this action for failure to prosecute, we need not address appellant's argument regarding the trial court's identification of res judicata as an additional ground for dismissing the case. Consequently, appellant's assignments of error regarding the trial court's application of res judicata are overruled as moot. Having overruled appellant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
SADLER, PETREE, and BROWN, JJ., concur.
[1] We note that, while it appears that the trial court did hold the hearing reflected in the court's order, appellant has failed to file a transcript of that hearing. Consequently, any evidence offered at that hearing is not before us. *Page 1