[Cite as *Cordell v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-5547.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Phillip K. Cordell,                                  :

     Plaintiff-Appellant,            :
                                   No. 13AP-379
v.                                                   :          (Ct. of Cl. No. 2010-10688)

Ohio Department of                                   :          (REGULAR CALENDAR)
Rehabilitation and Corrrection,
                                     :

     Defendant-Appellee.            :

                                     :

D E C I S I O N

Rendered on December 17, 2013

*Swope and Swope*, and *Richard F. Swope*, for appellant.

*Michael DeWine*, Attorney General, and *Ashley L. Oliker*, for appellee.

APPEAL from the Court of Claims of Ohio

McCORMAC, J.

{¶1}   Plaintiff-appellant, Phillip K. Cordell ("appellant"), appeals from a decision of the Court of Claims of Ohio that dismissed his complaint for want of prosecution pursuant to Civ.R. 41(B)(1) for failing to pay past court costs.  For the following reasons, we affirm.

**I.  FACTS AND PROCEDURAL BACKGROUND**

{¶2}   On May 20, 2008, appellant filed a complaint against defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"), asserting three causes of action for negligence.  Appellant voluntarily dismissed the action, pursuant to Civ.R. 41(A), because he was attempting to locate a physician who had treated him.  (Feb. 12,

2013 Memorandum Contra Motion to Dismiss.) Appellant asserts that he filed an affidavit of indigency after the case was concluded. (Feb. 28, 2012 Memorandum Contra Motion to Dismiss or Stay Proceedings.) On January 11, 2010, court costs were assessed against appellant and a cost bill sent for $158.87.

{¶3} On September 21, 2010, appellant refiled the case. Appellant filed an affidavit of indigency. On October 1, 2010, ODRC filed a motion to dismiss or to stay proceedings because appellant had not paid court costs from the previous action. On October 29, 2010, the Court of Claims denied the motion to dismiss, but granted the motion for stay.

{¶4} On February 21, 2012, ODRC again filed a motion to dismiss or to stay proceedings. The Court of Claims denied the motion as moot. On January 30, 2013, ODRC filed a third motion to dismiss. On February 27, 2013, the Court of Claims ordered appellant to provide evidence of payment of the court costs within 30 days or the case would be dismissed for failure to prosecute. On April 3, 2013, the Court of Claims granted ODRC's motion to dismiss pursuant to Civ.R. 41(B)(1).

## II. ASSIGNMENT OF ERROR

{¶5} Appellant filed a timely notice of appeal and raises the following assignment of error:

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING AN INDIGENT PLAINTIFF'S CASE FOR WANT OF PROSECUTION WITH PREJUDICE PURSUANT TO CIV.R. 41(B)(1), FOR FAILING TO PAY PAST DUE COURT COSTS, DENYING HIM FREE ACCESS TO THE COURTS AND DUE PROCESS, IN VIOLATION OF THE OHIO CONSTITUTION, ARTICLE I, SECTION 16 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

## III. STANDARD OF REVIEW

{¶6} A trial court's decision to dismiss an action pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. *Hargrove v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-439, 2012-Ohio-375, ¶ 6, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997). The appellate court reviews the dismissal for an abuse of discretion. *Id.* An abuse of discretion connotes more than an error of law or

judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. DISCUSSION

{¶7} Appellant argues that an affidavit of indigency was filed in the original action, case No. 2008-06342, after it was concluded. However, the Court of Claims record does not include such an affidavit. Moreover, the notice of dismissal, pursuant to Civ.R. 41(A), entered in the original case (case No. 2008-06342) as prepared by appellant's attorney, provides that "[c]ourt costs shall be paid by Plaintiff." (Oct. 6, 2009 Notice of Dismissal.) Thus, the court costs were assessed to appellant.

{¶8} Civ.R. 41(D) provides that the trial court may order the payment of court costs from a prior action, as follows:

> If a plaintiff who has once dismissed a claim in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the claim previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

{¶9} The Court of Claims stayed this action on October 29, 2010. The entry of dismissal was not filed until April 3, 2013, after the court provided notice of its intention to dismiss. More than two years had elapsed before the court dismissed the action pursuant to Civ.R. 41(B)(1), which provides:

> **Failure to prosecute**. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

(Emphasis sic.)

{¶10} The dismissal was within the sound discretion of the court.

{¶11} Appellant argues that because he was indigent, the dismissal denied him the right to free access to courts in violation of his constitutional rights. In this case, however, appellant admitted he did not file an affidavit of indigency in the original case until it "was concluded." (Feb. 28, 2012 Memorandum Contra Motion to Dismiss or

Stay Proceedings, 1.)  However, the record demonstrates that no affidavit was filed and appellant admitted he would pay the costs.  Thus, the court costs were assessed against him.  Appellant had not been determined indigent by the court when the costs were assessed against him.  Appellant cannot agree to pay the costs and then complain that his constitutional rights are denied when the Court of Claims orders him to pay the costs.

{¶12}  Moreover, appellant is not prohibited from bringing any action against the state on any matter unrelated to the original action (case No. 2008-06342), only matters involving the original action.  The Court of Claims' decision does not bar indigent people access to courts.

{¶13}  Finally, appellant argues that a dismissal with prejudice is too harsh of a remedy.  However, that argument is moot under these facts since more than four years has elapsed since the cause of action accrued and the statute of limitations for negligence bars another action.

## V. CONCLUSION

{¶14}  Accordingly, for the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

BROWN and O'GRADY, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under the Ohio Constitution, Article IV, Section 6(C).

_____