[Cite as *Whipps v. Ryan*, 2014-Ohio-5302.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Edward F. Whipps, Trustee, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-67 |
| v. | : | (C.P.C. No. 05 CVH 11685) |
| James M. Ryan, | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| (Michael M. Colley aka Michael F. Colley, | : | |
| | : | |
| Defendant-Appellee). | : | |
| | : | |
| Sky Bank, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-103 |
| v. | : | (C.P.C. No. 06 CVH 1244) |
| Michael F. Colley et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| (James M. Ryan, | : | |
| Defendant-Appellant). | : | |

# D E C I S I O N

## Rendered on November 28, 2014

*James M. Ryan*, pro se.

**APPEALS from the Franklin County Court of Common Pleas**

DORRIAN, J.

{¶ 1}   Defendant-appellant, James M. Ryan ("appellant"), appeals pro se from entries of the Franklin County Court of Common Pleas confirming sale of the property, approving the receiver's final report, approving the receiver's final application for fees and costs, and dismissing claims for failure to prosecute. For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2}   This case concerns several parcels of land located on East Main Street in Columbus, Ohio ("the property"). We have reviewed the dispute over this property and related matters in several prior decisions. *See Whipps v. Ryan*, 10th Dist. No. 07AP-231, 2008-Ohio-1216 ("*Whipps I*"); *Whipps v. Ryan*, 10th Dist. No. 08AP-838, 2009-Ohio-2228; *Whipps v. Ryan*, 10th Dist. No. 10AP-167, 2011-Ohio-3300 ("*Whipps III*"); *Whipps v. Ryan*, 10th Dist. No. 12AP-509, 2013-Ohio-4334 ("*Whipps IV*"); *Whipps v. Ryan*, 10th Dist. No. 12AP-685, 2013-Ohio-4382 ("*Whipps V*"). Although we have thoroughly discussed the factual and procedural history of this matter in our prior decisions, the following facts are relevant to the disposition of the present appeal.

{¶ 3}   In November 1990, appellant and Michael F. Colley ("Colley") executed two promissory notes in favor of The Ohio Bank. At the same time, appellant, Colley, and Fred H. Pitz executed an open-end mortgage, an assignment of rents, and a security agreement to secure the obligations under the promissory notes. In July 2001, appellant and Colley executed a promissory note in favor of Sky Bank, which was secured by the November 1990 mortgage. In August 2005, Colley quitclaimed all of his interest in the property to Edward F. Whipps ("Whipps") in trust.

{¶ 4}   In October 2005, Whipps filed a complaint for partition against appellant. On January 17, 2006, appellant filed an answer and counterclaim against Whipps for contribution. Appellant's counterclaim asserted that he had made substantial improvements to the property, paid real estate taxes, and made mortgage payments, thereby benefitting Whipps' ownership interest in the property. Whipps replied to appellant's counterclaim, asserting that the counterclaim was barred by the doctrines of laches, waiver, accord and satisfaction, and estoppel.

{¶ 5}   In January 2006, Sky Bank filed a complaint for money damages against appellant and Colley regarding the 1990 note. Sky Bank alleged that it was the successor in interest to The Ohio Bank and that appellant and Colley had defaulted on the promissory note. Colley filed an answer to Sky Bank's complaint and filed a cross-claim against appellant. Colley's cross-claim alleged that appellant breached an agreement with Colley, whereby appellant had agreed to manage the property, account for rental income, and pay expenses associated with the property. Appellant filed an answer to Colley's cross-claim acknowledging the management arrangement but denying that he had breached the agreement. Appellant also filed a cross-claim against Colley, asserting a claim in quantum meruit for appellant's management services and claiming that Colley breached an agreement Colley had with Sky Bank and appellant by failing to make payments on the note.

{¶ 6}   On February 7, 2006, Sky Bank filed a motion to intervene in the partition action, noting that it held a mortgage on the property which was the subject of the partition action. The trial court granted Sky Bank's motion to intervene, and Sky Bank filed an answer to the partition complaint, as well as a cross-claim and counterclaim for foreclosure.

{¶ 7}   Appellant answered Sky Bank's cross-claim for foreclosure on July 5, 2006. Appellant also filed a third-party complaint against Colley, alleging that Colley was jointly liable as a joint maker on the instruments which were the subject of the foreclosure action and that Colley was liable to appellant for contribution. Colley filed an answer to the third-party complaint.

{¶ 8}   On August 3, 2006, Sky Bank moved to consolidate the partition/foreclosure action and the money damages action. The trial court granted Sky Bank's motion to consolidate. Thereafter, Sky Bank filed a motion for summary judgment on its cross-claim and counterclaim for foreclosure and on its complaint for money damages. Sky Bank asserted that the amount due on the 1990 note was $72,023.25 plus interest and that the amount due on the 2001 note was $335,666.89 plus interest. The court granted Sky Bank's motion for summary judgment on March 16, 2007 and issued a decree of foreclosure and order of sale on April 19, 2007.

{¶ 9}   On May 23, 2008, Sky Bank moved to substitute DB Midwest, LLC ("DB Midwest"), noting that DB Midwest had purchased the loans which were the subject of the action. Sky Bank filed a motion for appointment of a receiver on July 16, 2008. The trial court granted the motion for substitution and the motion for appointment of a receiver.

{¶ 10} On November 5, 2009, Boca Environmental, Inc. ("Boca"), filed a motion to intervene in the action, asserting that it was the purchaser of five tax certificates related to the property. The trial court granted Boca's motion to intervene, and Boca filed an answer and cross-claim on January 25, 2010. Boca attached the tax certificates to its cross-claim and asserted that, as the purchaser of the tax certificates, it was "vested with the first liens previously held by the State of Ohio and its taxing districts for the amount of taxes" on the property.  (Jan. 25, 2010 Answer and Cross-Claim, 2.)

{¶ 11} The sheriff sold the property to Metro Properties, Inc., Premium Financial Corporation, and Diamonds in the Rough Investments, LLC ("bidders") on December 23, 2011 for $400,000. On March 5, 2012, the bidders filed a motion to set aside the sheriff's sale; the court denied the motion.

{¶ 12}  The court issued an entry confirming sale of the property and ordering deed and distribution on May 17, 2012. The court ordered that the $400,000 sale price be distributed as follows: $3,277.00 to the Franklin County Clerk of Courts for the cost of the action, $243,700.50 to the Franklin County Treasurer for real estate taxes owing on the various parcels which comprise the property, $50.00 to the Franklin County Sheriff for the deed, $75.00 to the Franklin County Sheriff for deed recording and conveyance, $44.00 to the Franklin County Recorder for deed recording costs, $802.50 to the Franklin County Auditor for transfer and conveyance fees, and $152,051.00 to DB Midwest as credit toward its balance on the notes. Appellant filed a notice of appeal from the confirmation order on June 13, 2012.

{¶ 13} On June 18, 2012, DB Midwest filed a motion under R.C. 2323.52, asking the court to declare appellant a vexatious litigator. In response, appellant filed a Civ.R. 12(E) motion for a more definite statement.

{¶ 14} On July 6, 2012, the trial court sua sponte issued an amended entry confirming the sale of the property and ordering deed and distribution. The amended entry altered the distribution of the sale proceeds, removing the specific payments to the

Franklin County Sheriff, Franklin County Recorder, and Franklin County Auditor, and, instead, provided for a $6,000 payment for poundage. The poundage payment decreased the distribution to DB Midwest to $147,022.50. Appellant filed an amended notice of appeal on July 10, 2012 indicating that he was appealing the amended confirmation order.

{¶ 15} On July 25, 2012, the receiver filed a final report and motion for termination of receivership and release of bond and filed a final application for approval of fees and costs.

{¶ 16} On August 1, 2012, the trial court granted DB Midwest's motion and entered an order declaring appellant a vexatious litigator under R.C. 2323.52. In accordance with R.C. 2323.52(D)(1)(a) through (c), the court ordered that appellant must request and obtain leave of court before instituting legal proceedings in certain courts. Appellant requested leave to appeal the order declaring him a vexatious litigator, and this court granted his request.

{¶ 17} On August 3, 2012, the trial court issued an order approving the receiver's final application for approval of fees and costs and issued an order approving the receiver's final report, terminating receivership and releasing bond. The latter order terminated the receivership and discharged the receiver from its duties.

{¶ 18} On September 30, 2013, we dismissed appellant's appeal from the order confirming the sale for lack of a final appealable order because: (1) the appealed order did not contain Civ.R. 54(B) language indicating that there was no just reason for delay; and (2) claims remained pending resolution in the trial court. *Whipps IV* at ¶ 33. On October 3, 2013, we reversed the August 1, 2012 judgment of the trial court declaring, pursuant to R.C. 2323.52, that appellant was a vexatious litigator. *Whipps V* at ¶ 24.

{¶ 19} On November 4, 2013, the trial court issued an order to all parties with claims pending in the action to show cause why the case should not be dismissed for failure to prosecute. On November 12, 2013, appellant filed a response with the trial court asserting that good cause existed so as to preclude dismissal of his claims. On January 14, 2014, the trial court dismissed appellant's cross-claim against Whipps for contribution, Colley's cross-claim against appellant for breach of contract, appellant's cross-claim against Colley for breach of contract and quantum meruit, appellant's third-party

complaint against Colley in the foreclosure action, and Boca's cross-claim asserting a first lien on the property. On January 24, 2014, the trial court filed a nunc pro tunc entry correcting the January 14, 2014 entry to reflect that the dismissal of Boca's cross-claim was moot and noting that the dismissal order remained as to all other parties and claims.

## II. Assignments of Error

{¶ 20} Appellant appeals assigning the following eleven errors for our review:

[1.] Boca Environmental Inc.'s Motion to Intervene R-213, Answer and Cross-Claim Complaint R-227 are a nullity as a matter of law as Boca made its appearance, filed its Motion to Intervene pursuant to Ohio Civil Rule 24(A) and filed its Answer and Cross-Claim after a final judgment had been rendered by the Trial Court on April 19, 2007 being its Decree of Foreclosure and Order of Sale r-139 & r-92 and case No. 11685 and Case No. 1244 being Terminated r-140 & r-93.

[2.] (Argued in the alternative with out wavier of Assignment of Error #1); Boca Environmental Inc.'s Cross-Claim Complaint R-227 is a nullity as a matter of law as Boca's Cross-Claim Complaint R-227 failed to name a Cross-Claim Defendant to its action pursuant to Ohio Civil Rule Ohio Civil Rule 13(G) and Boca failed to serve its Cross-Claim Complaint R-227 on any Party thereby failing to commence its action within one year of filing pursuant to Ohio Civil Rule Ohio Civil Rule 3(A).

[3.] The Trial Court erred and abused its discretion by its Entry of Dismissal for Failure to Prosecute R-380 & R-285 and its Nunc Pro Tunc Dismissal for Failure to Prosecute R-387 & R-290 as the Trial Court erred in not reinstating and maintain cases No. 11685 and Case No. 1244 in a pending active status after their Termination R-140 & R-93 on April 19, 2007 and April 26, 2007, in order that Appellant could prosecute his cases.

[4.] The Trial court erred in dismissing Appellant's Third Party Claim R-77 against Michael M. Colley by its Dismissal for Failure to Prosecute R-380 & R-285 and [its] Nunc Pro Tunc Dismissal for Failure to Prosecute R-387 & R. 290.

[5.] The Trial Court erred in docketing its Nunc Pro Tunc Dismissal for Failure to Prosecute. RT-387 & R-290.

[6.] The Trial Court erred in permitting the Sheriff of Franklin County, Ohio to sell "the property" at Sheriff's Sale on December 29, 2011.

[7.] (Arguing in the alternative to Assignment of Error #6). The Trial Court erred in its Entry Confirming Sale R-312 and its Amended Entry Confirming Sale R-324 by approving a sale of "the property" for an amount less than required by Ohio Revised Code Section 2329.20, by *sua sponte*, vacating its final order of Entry Confirming Sale R-312 and docketing its Amended Entry Confirming Sale R-324 for amounts in excess of its original final Order, by violating Local Rule 25.01 and by confirming the distribution of $243,700.50 to the Treasurer of Franklin County, Ohio who has failed to appear and make any claim in the action, said distribution being unsupported by any testimony, evidence or other type billings in the record to pay such an amount, all of which establish that the sale was not conducted in accordance with Ohio Revised Code Section 2329.01 thru 2329.61; and there are questions regarding lack of accountability regarding issues of material fact as well as issues of fact that are inconsistent pertaining to the Trial Court's Orders of distribution of the proceeds of the sale.

[8.] Time for Appeal has been tolled on the Judgment entry dated April 15, 2011 Entry R-254 & R-213, and all other final orders in accordance with Appellant Rule 4(A) as the Trial Court has not included Civil Rule 58(B) language in any of its appealable entries or orders, and has not instructed the Clerk of the Common Pleas Court of Franklin County to serve a Notice of Filing in accordance with Civil Rule 58 (B).

[9.] The Trial Court erred in not establishing prior to its Entry Confirming Sale R-312 and its Amended Entry Confirming Sale R-324, a sum due in accordance with its Decree of Foreclosure and Order of Sale R-139 & R-92, including costs, that would have permitted Appellant to deposit the amount of the judgment and decree to exercise his right of redemption in accordance with Ohio Revised Code Section 2329.33. The Trial Court failed to comply with Ohio Revised Code Section 2329.33, by considering and Docketing its Order Approving Final Report, Terminating Receivership and Releasing Bond R-336 after Docketing its Entry Confirming Sale R-312 and its Amended Entry Confirming Sale R-324 thereby foreclosing Appellant's opportunity to be heard and to be provided a sum certain to be able to exercise his right of redemption, thereby denying his rights to Procedural Due Process as guaranteed

under Article I, Section 1 & 16 of the Ohio Constitution and the 14th Amendment Section 1 of the United States Constitution.

[10.]  The Trial Court erred in denying Appellant's Motion to Order Receiver Reg Margin and Martin Management Services Inc. to submit to the Court and the parties, forthwith, a Forensic Accounting of their activities involving the property located at 185 through 205 E. Main Street, Columbus, Ohio, to order dismissal of the Receiver, and to permit Ryan to commence an action against the Receiver as a result of the Receiver's failure to perform its duty.  R-252 & R-211.

[11.]  The Trial Court erred in Order Approving Final Report, Terminating Receiver, and Releasing Bond R-336 as it abused its discretion by not holding a hearing prior issuing its Order.

(Sic. passem.) Because several of appellant's assignments of error are interrelated, we will address them jointly where applicable.

**III. First, Second, and Fifth Assignments of Error**

{¶ 21} In his first and second assignments of error, appellant seeks a declaration from this court that the motion to intervene and cross-claim complaint filed by Boca are nullities as a matter of law for the following reasons: (1) they were filed after the decree of foreclosure and order of sale; (2) Boca failed to name a cross-claim defendant under Civ.R. 13(G); and (3) Boca failed to serve its cross-claim complaint on any party under Civ.R. 3(A). In his fifth assignment of error, appellant contends that the trial court erred in issuing the January 24, 2014 nunc pro tunc entry correcting the January 14, 2014 entry dismissing claims for failure to prosecute.

{¶ 22} We first examine whether the trial court erred in docketing its January 24, 2014 nunc pro tunc entry. In that entry, the trial court stated the following:

This Court, having been advised that Boca Environmental, Inc.'s cross-claim as purchaser of five tax certificates related to the subject property was extinguished by the May 17, 2012 Order Confirming Sale, corrects the January 14, 201[4] Dismissal Entry insofar as dismissal of the Boca Environmental, Inc.'s cross-claim is moot. The Dismissal Order remains as to all other parties and claims addressed therein.

(Nunc Pro Tunc Dismissal for Failure to Prosecute, R. 290.) Civ.R. 60(A) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." "Substantive changes in judgments, orders, or decrees, however, are not within the purview of Civ.R. 60(A)." *Nichols v. Nichols*, 10th Dist. No. 13AP-13, 2013-Ohio-3927, ¶ 12, citing *Thurston v. Thurston*, 10th Dist. No. 02AP-555, 2002-Ohio-6746. "A substantive mistake consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original thought, [or because on second thought] it has decided to exercise its discretion in a different manner." *Lakhi v. Healthcare Choices & Consultants, LLC*, 10th Dist. No. 06AP-806, 2007-Ohio-4127, ¶ 36 (internal citations omitted). "Because Civ.R. 60(A) does not authorize substantive changes to judgments, orders, or decrees, it is reversible error for a trial court to make a substantive change to a judgment, order or other part of the record on the authority of Civ.R. 60(A)." *Nichols* at ¶ 12.

{¶ 23} Here, the trial court did not make a substantive change to the disposition of the case. The trial court did not change its mind to allow Boca to proceed further on its claim against appellant but, rather, corrected the record to reflect that Boca's cross-claim was moot since it was extinguished by the trial court's prior entry confirming the sale of the property. Accordingly, we overrule appellant's fifth assignment of error.

{¶ 24} We next address appellant's claim that Boca erred in its pleadings, rendering its cross-claim a nullity as a matter of law. We first note that appellant does not challenge a specific order from the trial court that relates to Boca's cross-claim or point to the record to demonstrate where he previously raised such contentions but, rather, argues that the pleadings should be voided. Because Boca's cross-claim was rendered moot by the order confirming sale of the property and Boca did not pursue its claim in response to the trial court's show cause order, it is unnecessary to consider whether Boca erred in the filing of its pleadings. Accordingly, we render as moot appellant's first and second assignments of error.

## IV. Third and Fourth Assignments of Error

{¶ 25} In his third and fourth assignments of error, appellant challenges the trial court's dismissal of his claims for failure to prosecute.

{¶ 26} Pursuant to Civ.R. 41(B)(1), a trial court may dismiss an action due to the plaintiff's failure to prosecute. *Asres v. Dalton*, 10th Dist. No. 05AP-632, 2006-Ohio-507, ¶ 12, citing *Pembaur v. Leis*, 1 Ohio St.3d 89, 90 (1982). Civ.R. 41(B)(1) provides as follows:

> Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

Civ.R. 41(B)(3) provides that a dismissal for failure to prosecute under Civ.R. 41(B)(1) "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

{¶ 27} A dismissal for failure to prosecute is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Cordell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-379, 2013-Ohio-5547, ¶ 6, citing *Hargrove v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-439, 2012-Ohio-375, ¶ 6, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997). Abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 28} When considering whether dismissal with prejudice under Civ.R. 41(B)(1) is appropriate, courts are guided by the general principle that "disposition of cases on their merits is favored in the law." *Jones v. Hartranft*, 78 Ohio St.3d 368, 371 (1997). "Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action." *Id.* Thus, "[d]espite the heightened scrutiny to which dismissals with prejudice are subject," the action of the trial court will be affirmed when "the conduct of a

party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." *Quonset Hut* at 48 (internal citation omitted). *See also Geico Cas. Ins. Co. v. Durant-Baker*, 10th Dist. No. 13AP-573, 2014-Ohio-1530, ¶ 7.

{¶ 29} Here, appellant essentially contends that the trial court abused its discretion in dismissing his claims for failure to prosecute because he had been denied an opportunity to pursue his own claims while other matters in the case were pending and because the trial court previously granted a motion declaring him a vexatious litigator. However, appellant provides no examples of an instance in which he actually sought to pursue his claims prior to the trial court's show-cause order. Appellant filed his cross-claim against Colley on April 18, 2006 and his third-party complaint against Colley on July 5, 2006. Although appellant's claims had been pending for over seven years from the time of filing to the trial court's show-cause order on November 4, 2013, appellant fails to provide a single example of his attempts to prosecute his claims. Despite his active involvement with the case, appellant never filed a motion to compel additional discovery or instituted proceedings for judgment as a matter of law. As a result, we cannot find that the trial court abused its discretion in concluding that appellant failed to show good cause why the claims should not be dismissed for failure to prosecute. *See Brown v. Snow*, 10th Dist. No. 07AP-1007, 2008-Ohio-3286, ¶ 13 (finding trial court did not abuse its discretion by dismissing case for failure to prosecute where appellant failed to take any action in pursuance of case for period of eight to nine months); *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 581 (1994) (concluding appellant's dilatory conduct in case pending for over a decade, including refiling of the action, justified trial court's dismissal for failure to prosecute); *Hanko v. Nestor*, 6th Dist. No. E-11-055, 2012-Ohio-4488, ¶ 16 (finding trial court did not abuse its discretion by dismissing case for failure to prosecute where discovery had not been completed 8 years after action was filed and where appellant filed 13 motions for continuances or extensions of time); *Alam v. Gallogly*, 8th Dist. No. 93993, 2010-Ohio-5766, ¶ 25 (trial court did not abuse its discretion by dismissing case for failure to prosecute where appellant was "irresponsible" in maintaining her claim); *Babcock v. Albrecht*, 11th Dist. No. 2010-L-150, 2012-Ohio-1129, ¶ 28. *Compare Nardelli v. Smith*, 10th Dist. No. 98AP-561 (Mar. 16, 1999) (finding

dismissal for failure to prosecute was an abuse of discretion where no evidence in record of appellants' dilatory conduct and appellants' attorney was present on date of trial and ready to proceed with jury selection).

{¶ 30} Because the trial court's decision to dismiss the remaining claims for failure to prosecute was not unreasonable, arbitrary, or unconscionable, we find that the trial court did not abuse its discretion in so deciding. Accordingly, we overrule appellant's third and fourth assignments of error.

## V. Sixth Assignment of Error

{¶ 31} In his sixth assignment of error, appellant asserts that the trial court erred by permitting the Sheriff of Franklin County to sell the property because such sale was in conflict with the rights of the receiver appointed by the trial court in its entries on August 25 and October 1, 2008. On October 22, 2009, DB Midwest filed an alias praecipe seeking the Franklin County Clerk of Courts to issue an order of sale to the Franklin County Sheriff to advertise, appraise, and sell the property. After the sheriff's sale returned no bids, on January 25, 2010, DB Midwest filed a motion for an order permitting a sheriff's sale at a reduced bid, which the trial court granted on January 27, 2010. However, nothing in the record demonstrates that the receiver objected to the sale of the property by sheriff's sale. Indeed, the receiver's first interim application for approval of fees and costs of counsel filed with the trial court on April 7, 2010 included a notation that the receiver participated in telephone conference calls regarding the sheriff's sale of the property. Because the receiver did not object to the trial court's entries permitting sale of the property by sheriff's sale, we find that appellant's arguments regarding the rights of the receiver are without merit. Accordingly, we overrule appellant's sixth assignment of error.

## VI. Seventh Assignment of Error

{¶ 32} In his seventh assignment of error, appellant asserts that the trial court erred by vacating its entry confirming sale filed on May 17, 2012 and filing the amended entry confirming sale on July 6, 2012. Although appellant's arguments are difficult to discern, he appears to contend that the trial court erred by (1) approving the sale of the property for less than the amount required by R.C. 2329.20; (2) sua sponte vacating its

May 17, 2012 entry resulting in prejudice to appellant; and (3) ordering the distribution of proceeds from the sale of the property to the Franklin County Treasurer.

{¶ 33} We first examine whether the sheriff's sale violated R.C. 2329.20. On May 19, 2009, the receiver in his first report filed with the trial court found that the buildings on the property were valued at $365,000 to $400,000. On December 8, 2009, the record reflects that the property was appraised for $975,000 prior to being offered for sale pursuant to R.C. 2329.17. Following the appraisal, the sheriff offered the property for sale not to be sold for less than two-thirds of the appraised value. After the property failed to attract any bids at the sheriff's sale, DB Midwest filed a motion, pursuant to R.C. 2329.52, requesting that the court fix a minimum bid for the property at $400,000, which the trial court granted on January 27, 2010. Appellant filed an objection to the trial court's entry permitting the sheriff's sale at a reduced bid on February 19, 2010. Thereafter, the property was sold for the reduced amount.

{¶ 34} "The primary purpose and goal of a foreclosure sale is to protect the interests of the mortgagor-debtor while, at the same time, ensuring that the secured creditors receive payment for unpaid debts." *Wells Fargo Bank, N.A. v. Young*, 2d Dist. No. 2009 CA 12, 2011-Ohio-122, ¶ 30, citing *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 56 (1990), and *Huntington Natl. Bank v. Burch*, 157 Ohio App.3d 71, 2004-Ohio-2046, ¶ 36 (2d Dist.). Under R.C. 2329.17, real property must be appraised by "three disinterested freeholders" who reside in the county where the property is located, and the appraisal must be filed with the clerk of courts. The party seeking the sale of the land (e.g., the mortgagee) must publicize the date, time, and place of the sale in a newspaper of general circulation in the county. R.C. 2329.26. R.C. 2329.20 provides that, subject to certain specified exceptions, "[n]o tract of land shall be sold for less than two thirds of the value" fixed by the appraisal mandated by R.C. 2329.17. R.C. 2329.52 provides in pertinent part that "[w]hen premises are ordered to be sold, if said premises, or a part thereof, remain unsold for want of bidders after having been once appraised, advertised, and offered for sale, the court from which the order of sale issued may, on motion of the plaintiff or defendant and from time to time until said premises are disposed of, order a new appraisement and sale or direct the amount for which said premises, or a part thereof, may be sold."

{¶ 35} Here, the property was appraised and offered for sale in compliance with R.C. 2329.17 and 2329.20. After the property failed to attract any bids, the trial court, upon motion of DB Midwest, pursuant to R.C. 2329.52, directed the amount for which the property could be sold. Appellant provides no argument, either in the record or based upon case law, that the trial court's decision to set the amount pursuant to R.C. 2329.52 was in error. As a result, we find that appellant's argument that the trial court acted in violation of R.C. 2329.20 to be without merit.

{¶ 36} We next examine whether the trial court erred by filing its amended judgment entry on July 6, 2012. Appellant argues that this alteration resulted in prejudice because the amended judgment entry increased the costs to be paid from the sale by $5,024.50. In its amended judgment entry, the trial court removed specific allocations of funds to the Franklin County Sheriff, Franklin County Recorder, and Franklin County Auditor from the proceeds of the sale of the property and replaced the specific allocations with a general poundage fee calculated at 1.5 percent of the total value of the sale.

{¶ 37} We begin by noting that appellant failed to object to the trial court's filing of the amended judgment entry. Instead, appellant filed a motion to stay the amended judgment entry on July 9, 2012 pending the outcome of appeals to this court but did not raise any issues related to the alteration of proceeds in the amended judgment entry. Thus, although appellant clearly had an opportunity to raise such issues for the trial court's consideration, appellant failed to avail himself of such opportunity. Further, appellant provides no argument that the revised allocation of funds was in error. As appellant filed no objection to the trial court's amended judgment entry, and appellant provides no evidentiary support that the revised allocation is in error, we find appellant's contention regarding the filing of the amended judgment entry to be without merit.

{¶ 38} Finally, we examine whether the trial court erred by distributing proceeds from the sale to the office of the Franklin County Treasurer. Appellant claims that there is no support in the record for the distribution of funds from the sale to the Franklin County Treasurer. In its decree of foreclosure and order of sale filed on April 19, 2007, the trial court found that "there is due to the Treasurer of Franklin County, Ohio accrued real property taxes, assessments, penalties and interest thereon, upon the premises described herein, the exact amount being unascertainable at the date hereof, but which amount will

be determined by the Treasurer at the time of the confirmation of sale of said premises * * * for which amount the Treasurer has a good and valid lien." In both the original and amended judgment entries confirming sale of the property, the trial court found that a total amount of $243,700.50 was due and owing to the Franklin County Treasurer for real estate taxes in addition to the redemption of tax liens on the property.

{¶ 39} Appellant previously appealed from the decree of foreclosure and order of sale, which we reviewed in our March 18, 2008 decision. *Whipps I* at ¶ 26-27 (stating "the only judgment subject to our review in this appeal is the Decree [of] Foreclosure and Order of Sale"). Although the decree of foreclosure and order of sale plainly reflect the trial court's determination that there were amounts owed from the future proceeds of the sale to the Franklin County Treasurer, appellant raised no objection to such determination at the time, nor did appellant raise an assignment of error to the trial court's finding in his appeal of the judgment entry. Thus, the record reflects that the trial court previously found amounts due and owing to the Franklin County Treasurer to be paid from the sale of the property, and, therefore, appellant is precluded from assigning any error as related to the decree of foreclosure and order of sale. Additionally, as above, appellant raised no objection to the distribution of funds to the Franklin County Treasurer in the July 6, 2012 amended entry confirming sale. Because appellant failed to raise any objection to the trial court's finding that amounts were owed to the Franklin County Treasurer in response to the decree of foreclosure and order of sale, and appellant failed to object to the trial court's determination of the specific amount to be paid to the Franklin County Treasurer from the sale of the property, we find appellant's contentions regarding the distribution of funds to be without merit.

{¶ 40} Because we find that appellant's arguments concerning the trial court's amended entry confirming sale are without merit, we overrule appellant's seventh assignment of error.

## VII. Eighth and Tenth Assignments of Error

{¶ 41} Because appellant's eighth and tenth assignments of error contest the trial court's April 15, 2011 entry denying appellant's amended motion filed on April 11, 2011, we consider those assignments of error together. Appellant's amended motion filed on April 11, 2011 requested that the trial court order the court appointed receiver to submit a

"forensic accounting" of all activities undertaken by the receiver at the property, to dismiss the receiver, and to permit appellant to commence an action against the receiver for the alleged failure of the receiver to perform his duties. The trial court in its April 15, 2011 judgment entry denied appellant's motion because the case was pending before this court on an appeal instituted by appellant, and the trial court was without jurisdiction to entertain further motions during the pendency of the appeal. Appellant previously appealed the April 15, 2011 entry, which we reviewed in our September 30, 2013 decision that dismissed appellant's appeal for lack of a final appealable order. *Whipps IV* at ¶ 19, 33.

{¶ 42} Appellant's tenth assignment of error asserts that the trial court erred by denying his April 11, 2011 amended motion because the trial court retained jurisdiction to consider its merits during the pendency of his appeal to this court. However, appellant's motion raised issues necessarily interrelated with his prior appeal to this court which was pending at the time he filed his amended motion. *See Whipps III* at ¶ 8-9. Because appellant's motion in large part related to issues subject to determination by this court, the trial court was without jurisdiction to entertain appellant's motion. *See Yee v. Erie County Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990) ("When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment."); *State ex rel. E. Mfg. Corp. v. Ohio Civil Rights Comm.*, 63 Ohio St.3d 179, 181 (1992). Regardless of whether the trial court's decision to dismiss appellant's motion was proper, or whether the trial court should have stayed its decision on the motion during the pendency of the appeal, any error arising from the trial court's decision to dismiss the motion is harmless because appellant could have refiled his motion with the trial court after this court filed its decision in the appeal. However, the record reflects that appellant did not attempt to refile his motion. Therefore, because the trial court was without jurisdiction to entertain appellant's motion during the pendency of his appeal and appellant failed to refile his motion following the pendency of his appeal to this court, we find that any error arising from the trial court's denial of his April 11, 2011 amended motion was harmless. Accordingly, we overrule appellant's tenth assignment of error.

{¶ 43} In his eighth assignment of error, appellant asserts that the trial court's failure to include Civ.R. 54(B) language in its April 15, 2011 judgment entry tolled the time for an appeal from that decision. Because appellant's tenth assignment of error relating to the merits of the trial court's April 15, 2011 entry is without merit, we need not consider appellant's arguments in his eighth assignment of error relating to the tolling of time to appeal the entry. Accordingly, we render moot appellant's eighth assignment of error.

## VIII. Ninth and Eleventh Assignment of Error

{¶ 44} Finally, we address appellant's ninth and eleventh assignments of error together. In his ninth assignment of error, appellant asserts that the trial court erred by (1) failing to establish, following the decree of foreclosure and order of sale but prior to filing its entry confirming sale of the property, a specified sum that would have enabled appellant to exercise his right of redemption in accordance with R.C. 2329.33; and (2) by entering, in violation of R.C. 2329.33, the August 3, 2012 order approving receiver's final application for approval of fees and costs after filing the entry confirming sale and amended entry confirming sale. In his eleventh assignment of error, appellant asserts that the trial court erred by failing to hold an oral hearing before entering the August 3, 2012 order approving receiver's final application for approval of fees and costs.

{¶ 45} First, we examine whether the trial court violated appellant's right to redemption under R.C. 2329.33 by failing to establish a specified sum prior to filing the entry confirming sale. R.C. 2329.33 provides in pertinent part as follows:

> In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit, except where the judgment creditor is the purchaser, the interest at such rate on the excess above his claim. The court of common pleas thereupon shall make an order setting aside such sale, and apply the deposit to the payment of such judgment or decree and costs, and award such interest to the purchaser, who shall receive from the officer making the sale the purchase money paid by him, and the interest from the clerk.

Thus, R.C. 2329.33 states that "after the sheriff has sold real property at a foreclosure sale, but before the trial court confirms the sale, a judgment debtor may redeem her property by depositing sufficient funds with the clerk of courts." *HSBC Mtge. Corp. (USA) v. Rider*, 10th Dist. No. 12AP-78, 2012-Ohio-3476, ¶ 20.

{¶ 46} Appellant contends that, by filing judgment entries confirming the sale of the property and approving the receiver's final application for fees and costs, the trial court prevented appellant from exercising his right of redemption because he could not have known the total amount of the judgment against him. However, there is no evidence in the record that appellant attempted to exercise his right to redemption. Although he could have filed a motion with the trial court seeking clarification or simply submitted the amounts due on the judgment entered in the decree of foreclosure and order of sale, appellant failed to so act. Therefore, because the record does not reflect that appellant ever attempted to exercise his right at redemption or make payment on the judgment, we find that the trial court did not err in docketing the challenged entries. *Id.* Accordingly, we overrule appellant's ninth assignment of error.

{¶ 47} We next examine whether the trial court erred by filing the August 3, 2012 order approving receiver's final application for approval of fees and costs without holding an oral hearing on the matter. Appellant provides no authoritative citation to local rules, statute, or case law for his proposition that the trial court was required to hold an oral hearing on the receiver's application for fees and costs. Further, appellant did not object to the application for fees and costs or to the trial court's entry approving the application. Loc.R. 66 of the Franklin County Court of Common Pleas governs procedures involving receiverships before the court. Loc.R. 66.03(C) provides that, "[f]or good cause, the receiver or any party that has appeared may request an emergency hearing by contacting the court."  Loc.R. 66.11(B) provides that "[f]ees allowed for services by a receiver, counsel, and professionals employed by a receiver shall be within the sound discretion of the trial judge, giving due consideration to the complexity of the receiver's or professional's responsibilities, results achieved for creditors, and other relevant facts." Appellant does not assert that there was error in the trial court's findings regarding the receiver's application for costs, and the record does not reflect that appellant attempted to request an emergency hearing for good cause in response to the receiver's final

application. As a result, we find that the trial court did not err by filing its August 3, 2012 entry approving the receiver's application for fees and costs without holding an oral hearing. Accordingly, we overrule appellant's eleventh assignments of error.

## IX. Disposition

{¶ 48} Having rendered moot appellant's first, second, and eighth assignments of error and having overruled appellant's remaining eight assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and O'GRADY, J., concur.

————————————