[Cite as *MidFirst Bank v. Baker*, 2014-Ohio-2206.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

MIDFIRST BANK                                    :

     Plaintiff-Appellee                        :                    C.A. CASE NO.     25925

v.                                               :                    T.C. NO.     13CV3714

JAMES L. BAKER, et al.                           :                    (Civil appeal from
                                                                      Common Pleas Court)

     Defendant-Appellant                       :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____23rd_____ day of _____May_____, 2014.

. . . . . . . . . .

ANGELA D. KIRK, Atty. Reg. No. 0075177, P. O. Box 165028, Columbus, Ohio 43216
     Attorney for Plaintiff-Appellee

JOHN J. SCACCIA, Atty. Reg. No. 0022217, 1814 East Third Street, Dayton, Ohio 45403
     Attorney for Defendant-Appellant

DOUGLAS TROUT, Atty. Reg. No. 0072027, 301 W. Third Street, 5th Floor, Dayton, Ohio
45422
     Attorney for Montgomery County Treasurer

. . . . . . . . . .

DONOVAN, J.

{¶ 1}     This matter is before the Court on the Notice of Appeal of James L. Baker, filed September 23, 2013.  Baker appeals from the August 22, 2013 "Decision, Order and Entry Overruling Defendant's Motion to Vacate and Motion to Stay," which the trial court issued after it granted a default judgment and decree in foreclosure in favor of MidFirst Bank ("MidFirst"). Also before us is the "Motion of Appellee MidFirst Bank to Strike Portions of Appellant James Baker's Brief."

{¶ 2}     On June 20, 2013, MidFirst filed a complaint in foreclosure against Baker and other parties, attached to which is a note, an allonge, an open-end mortgage, and assignments of the mortgage. A Preliminary Judicial Report was filed on June 21, 2013.  On July 30, 2013, MidFirst filed "Plaintiff's Motion for Default Judgment" and a "Notice of Filing Final Judicial Report."  On July 31, 2013, the trial court granted default judgment and issued a "Judgment Entry and Decree in Foreclosure," from which Baker did not appeal.  On August 12, 2013, Baker filed a "Motion to Vacate Judgment of Foreclosure, Motion to Stay Execution of Sheriff's Sale and Motion for Immediate Hearing."

{¶ 3}     In overruling Baker's motion, after initially noting that Baker was successfully served with MidFirst's Complaint on June 25, 2013, the trial court concluded as follows:

> The Court first notes that the Defendant suggests that the order of default judgment was "apparently in error."  The Court further notes that counsel for the Defendant inserts himself into the *Motion to Vacate* and expresses that he was "surprised" to learn of the "early default."  The Court will make things clear for the Defendant's counsel.  The order of default judgment was not an error, or even "apparently" an error, nor was it an

"early" order. Counsel for the Defendant is "apparently" confused because it is actually the Defendant and his counsel who were clearly late. After the Plaintiff filed a motion for default judgment and after review of the docket, the Court found that the Defendant clearly failed to Answer or otherwise respond to the Plaintiff's Complaint. Counsel for the Defendant is "apparently" aware of the Ohio Civil Rules of Procedure and the procedure that this Court follows if a defendant fails to file an Answer or otherwise respond. The suggestion by counsel for the Defendant that he was "in the process of investigating the matter and [his client's] defenses" when he found that default judgment had been entered is not shown on the docket. Counsel for the Defendant should be able to count[1] and, therefore, should be able to determine when an Answer is required to be filed. Counsel for the Defendant should keep the same in mind so that he is not "surprised" when default judgment is ordered.

With respect to the *Motion to Vacate*, the Defendant asserts that he was "misled, lied to, stolen from, and subject to misrepresentation by the Plaintiff." * * * The Defendant further asserts that "he was assured by loan officers that a deed in lieu agreement could be reached" and that the Plaintiff

[1]We note that in ruling upon Baker's motion, the trial court went beyond the merits of the issue before it with several intemperate comments directed at counsel for Baker, namely the repeated use of "apparently," the court's suggestion that defense counsel is unable to count, and the court's suggestion that defense counsel is unfamiliar with the Civil Rules. While we recognize that even the most patient judge on occasion under certain circumstances may, in frustration, use such language, we caution against such a retreat from adjudicative responsibilities and civility.

would "work with him to resolve the pending foreclosure." * * * After the Defendant received the Complaint, he asserts that he contacted an administrative customer service specialist to negotiate the deed in lieu. * * * Counsel for the Defendant asserts that, for these reasons, the Defendant "has satisfied the second requirement under Civ.R. 60(B).["] Counsel for the Defendant inserts his own surprise of the "early default" and further asserts that he was "in the process of investigating the matter and [the Defendant's] defenses" when he reviewed the docket. * * * Counsel for the Defendant further asserts that it "appears" that the Defendant "may have" meritorious defenses, but does not indicate what those defenses may be.

The Court finds that, in accordance with *GTE Automatic*, that the Defendant has not presented any meritorious defenses should this Court grant relief. Further, the Court finds that the Defendant's "surprise" that default judgment was entered does not constitute the type of "surprise" that is listed under Civ.R. 60(B)(1). The Court further finds that the Defendant's mere assertion that he was misled and lied to does not suffice. The Court notes that the Defendant's motion was filed within a reasonable time, however, the first two elements of the *GTE Automatic* three-prong test have not been met. Therefore, the Court OVERRULES the Defendant's motion to vacate. Consequently, the Court further OVERRULES the Defendant's motion to stay.

{¶ 4} Baker asserts one assignment of error with subparts as follows:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING DEFAULT JUDGMENT WHEN DEFENDANT WAS NOT PROPERLY SERVED AND IN GRANTING DEFAULT JUDGMENT THE DAY AFTER THE MOTION WAS FILED AND FURTHER IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO SET ASIDE JUDGMENT.

A. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER CIV.R. 4.1(B) AND THE DUE PROCESS CLAUSE OF THE 14th AMENDMENT OF THE UNITED STATES CONSTITUTION AND COMPOUNDED THIS ERROR AFTER IT WAS BROUGHT TO THE COURT'S ATTENTION AND OVERRULE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT (sic).

B. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER OHIO CIV. R. 12 and/or CIV.R. 55 AND THE DUE PROCESS CLAUSE OF THE 14th AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN IT GRANTED A DEFAULT JUDGMENT THE DAY AFTER IT WAS FILED THEREBY DENYING APPELLANT AN OPPORTUNITY TO BE HEARD AND COMPOUNDED THIS ERROR AFTER IT WAS BROUGHT TO THE COURT'S ATTENTION AND OVERRULE APPELLANT'S

MOTION FOR RELIEF FROM JUDGMENT (sic).

{¶ 5}    "'Civil Rule 60 provides the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment.' *McCue v. Buckeye Union Ins. Co.* (1979), 61 Ohio App.2d 101, 15 O.O.3d 103, 399 N.E.2d 127. See, also, Civ.R. 55(B)."  *Miamisburg Motel v. Huntington Natl. Bank*, 88 Ohio App.3d 117, 122-23, 623 N.E.2d 163 (2d Dist.1993).

{¶ 6}    Civ.R. 60 provides as follows:

(A) Clerical mistakes

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *

(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

**{¶ 7}** As this Court noted in *Miamisburg Motel*:

The Ohio Supreme Court has held that to prevail on a motion brought under Rule 60(B) the movant must demonstrate (1) that the party has a meritorious defense or claim to present if relief is granted; (2) that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3) not more than one year after the judgment, order or proceeding was entered or taken. *Argo Plastic Prod. Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 15 OBR 505, 506-507, 474 N.E.2d 328, 330; *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. *Id.*, 123.

These "requirements are independent and in the conjunctive, not the disjunctive." *GTE Automatic Elec., Inc.*, at 151.

**{¶ 8}** We review a trial court's disposition of a Civ.R. 60(B) motion for an abuse of

discretion. *Eubank v. Anderson*, 119 Ohio St.3d 349, 2008-Ohio-4477, 894 N.E.2d 48. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990). *Feldmiller v. Feldmiller,* 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

**{¶ 9}** We note that in his motion, Baker asserted, "It appears that a mistake was made entering the default judgment." As this Court has noted:

It is well-established that a motion under Civ.R. 60(B) may not be used as a substitute for a direct appeal. *Risner v. Cline*, Champaign App. No.2003-CA-24, 2004-Ohio-3786, citing *Doe v. Trumbull Cty. Children Servs. Bd.* (1986), 28 Ohio St.3d 128, 502 N.E.2d 605 (Civ.R.60(B) motion may not be based on a change in the decisional law after final judgment has been rendered). As explained by the Tenth District Court of Appeals:

"[A] motion for relief from judgment cannot be predicated upon the argument that the trial court made a mistake in rendering its decision. *Chester Twp. v. Fraternal Order of Police* (1995), 102 Ohio App.3d 404, 408, 657 N.E.2d 348. The type of mistake contemplated by Civ.R. 60(B)(1) is a mistake by a party or his legal representative, not a mistake by the trial court in its legal analysis. *Antonopoulos v. Eisner* (1972), 30 Ohio App.2d 187, 284 N.E.2d 194; *Carrabine v. Brown* (Aug. 13, 1993), Geauga App. No.

92-G-1736. In order to contest the trial court's judgment dismissing his motion, appellant was required to directly appeal that judgment. Civ.R. 60(B) relief cannot be employed as a substitute for an appeal. *Doe v. Trumbull Cty. Children Services Bd.* (1986), 28 Ohio St.3d 128, 131, 502 N.E.2d 605." *Tonti v. Tonti*, Franklin App. Nos. 03AP-494, 03AP-728, 2004-Ohio-2529, ¶ 130. *Ford Motor Credit Co. v. Cunningham*, 2d Dist. Montgomery No. 20341, 2004-Ohio-6226, ¶ 14-15.

{¶ 10} We further note that Baker mischaracterizes the record. Baker's brief provides that in his motion below, "I indicated I was just been (sic) retained for the case and, believing the issue with regards to default judgment was a clerical error due to the timelines involved and other irregularities moved primarily under Civil Rule 60(A) but in the alternative presented a 60(B) motion." Nowhere in Baker's motion did he assert that he was recently retained, and aside from misquoting Civ.R. 60(A), his motion is addressed to the requirements of Civ.R. 60(B). As MidFirst asserts, Baker's argument that he was not served with MidFirst's complaint is waived as he is raising it for the first time on appeal, and it is further inconsistent with the assertion in his motion that "Mr. Baker was served on June 25, 2013 * * * ." Baker's assertion that the court's granting of default judgment was a clerical error lacks merit; as the trial court determined, Baker failed to respond to MidFirst's complaint. In his brief Baker acknowledges that "[o]n August 12, 2013 * * * counsel *entered their appearance* requesting the default judgment be vacated * * * ." (Emphasis added). Most importantly, we conclude that Baker's Civ.R. 60 motion is an improper attempt to circumvent the appellate process and attack the default judgment and foreclosure

decree. We note that Baker's brief is devoid of any argument addressed to the requirements of Civ.R.60(B) or how he met them. In fact, the above-quoted sentence from Baker's brief contains the sole reference to Civ.R. 60 in the brief. Finally, as the trial court noted, in his motion, Baker failed to even allege a meritorious defense; he merely asserted, "It appears that Mr. Baker may have Meritorious Defenses. However, I could not examine this matter in light of the sheriff's sale emergency."

{¶ 11} For the foregoing reasons, Baker's assigned error is overruled. We accordingly need not address MidFirst's motion to strike. Judgment affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Angela D. Kirk
Douglas Trout
John J. Scaccia
Hon. Dennis J. Adkins