[Cite as *Star Merchandise, L.L.C. v. Haehn*, 2016-Ohio-8018.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Star Merchandise, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-39 |
| v. | : | (C.P.C. No. 14CVH-8192) |
| Christopher J. Haehn d.b.a. Let Me Ride, LLC, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on December 6, 2016

**On brief:** *Isaac Wiles Burkholder & Teetor, LLC*, and *Dale D. Cook*, for appellee. **Argued:** *Dale D. Cook.*

**On brief:** *The Law Offices of Robert C. Wood*, and *Robert C. Wood*, for appellants.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Christopher J. Haehn, appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Star Merchandise, LLC. For the reasons that follow, we affirm.[1]

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 6, 2014, appellee filed a complaint against "Christopher J. Haehn DBA Let Me Ride, LLC" alleging breach of a sales contract. (Compl. at 1.) The complaint

---

[1] Although appellant's notice of appeal identifies "Let Me Ride, LLC" as an appellant in this action, the record shows that appellant Christopher J. Haehn is the party against whom the trial court entered the judgment appealed from.

asserts that appellee contracted with appellant to purchase a 2013 Porsche Cayenne automobile from appellant for the price of $75,655. The complaint further alleges that appellee tendered the full purchase price to appellant on January 29, 2013, but that appellant has "failed to deliver the vehicle that Plaintiff paid for and has also failed to refund the payment rendered." (Compl. at ¶ 12.)

{¶ 3}  On November 24, 2014, appellant filed an answer to the complaint and a counterclaim on behalf of Let Me Ride, LLC. The counterclaim alleges that Let Me Ride, LLC is a Delaware limited liability company and asserts claims for breach of contract and promissory estoppel. More particularly, the counterclaim alleges that appellee breached the parties' contract by "fail[ing] to pay the purchase prices required under the Master Agreement." (Countercl. at ¶ 4.) In the alternative, the counterclaim alleges that appellee promised to pay certain sums for the vehicles and that Let Me Ride, LLC relied on appellee's promise to its detriment.

{¶ 4}  On December 24, 2014, appellee moved the trial court for leave to amend the complaint in order to assert "additional claims which are governed by similar questions of fact and law to those included in the original Complaint." (Mot. For Leave at 3.) Appellee submitted a proposed amended complaint asserting additional claims for relief sounding in unjust enrichment, fraud, conversion, and an action on an account. Appellant did not oppose the motion for leave. The trial court granted the motion for leave on January 15, 2015.

{¶ 5}  On January 29, 2015, appellant filed a motion to dismiss the amended complaint, pursuant to Civ.R. 12(B)(6), alleging that it fails to state a claim on which relief may be granted. Therein appellant argues that appellee, as a foreign limited liability company, does not have capacity under R.C. 1705.58(A) to maintain any action in any court in this state. On February 11, 2015, appellee filed a memorandum in opposition. On February 24, 2015, the trial court converted the motion to dismiss to a motion for summary judgment because the dispositive issue could not be determined by the court "without more information." (Feb. 24, 2015 Decision at 2.)

{¶ 6}  Appellee filed a cross-motion for summary judgment, pursuant to Civ.R. 56(A), on March 9, 2014. The motion is supported by the affidavit of appellee's president, Abdul Moosa. On April 14, 2015, the trial court issued a decision granting appellee's

motion for summary judgment and denying appellant's motion for summary judgment. The decision does not mention the counterclaim.

{¶ 7}  Appellee submitted a proposed final judgment entry pursuant to Local Rule 25.01 of the Franklin County Court of Common Pleas.  On May 26, 2015, the court signed the "Final Judgment Entry" rendering judgment in favor of appellee and against appellant individually "in the amount of $96,655.00 plus costs and interest at the rate of 3% from January 29, 2013."  (May 26, 2015 Entry at 1.)  The judgment entry further provides: "Defendant[']s Counterclaim is Dismissed With Prejudice."  (May 26, 2015 Entry at 1.) The trial court's May 26, 2015 final judgment entry specifies that the trial court signed the judgment entry over appellant's objection.

{¶ 8}  Appellant did not file an appeal to this court from the May 26, 2015 judgment.  Rather, on June 25, 2015, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(A) and (B).  Appellee filed a memorandum contra on August 6, 2015, and appellant filed a reply on August 17, 2015.  On October 8, 2015, a trial court magistrate held an evidentiary hearing on the motion for relief from judgment.

{¶ 9}  On October 23, 2015, the magistrate issued a decision and recommendation denying appellant's motion for relief from judgment.  Appellant timely filed an objection to the magistrate's decision.  On December 17, 2015, the trial court issued a decision and judgment entry overruling appellant's objections and denying appellant's motion for relief from judgment.  Appellant timely appealed to this court from the decision of the trial court.

## II.  ASSIGNMENTS OF ERROR

{¶ 10} Appellant assigns the following as trial court error:

> 1. In disposing of the Appellee's cross-motion for Summary Judgment, the trial court erred in signing a final entry that awards judgment against Christopher J. Haehn, personally, instead of Let Me Ride, LLC, where, as here, Appellants asserted as affirmative defenses that Christopher J. Haehn is not a proper party to the action, and that Let Me Ride, LLC, is a validly formed limited liability company.
>
> 2. In disposing of the Appellee's cross-motion for Summary Judgment, the trial court erred in signing a final entry which dismisses the counterclaims of Appellants where, as here, the

Appellee did not move for Summary Judgment as to the counterclaims pursuant to Civ. R. 56(A).

3. In disposing of the Appellee's cross-motion for Summary Judgment, the trial court erred in signing a final entry which dismisses the counterclaims of Appellants where, as here, the Appelle [sic] did not submit and the trial court did not consider any Civ. R. 56(C) evidence regarding the counterclaims.

4. The trial court erred in adopting the magistrate's decision denying the Appellants' Motion to Vacate the Final Judgment Entry and in overruling the Appellants' Objections to the magistrate's decision.

## III. STANDARD OF REVIEW

{¶ 11} A court of appeals applies an abuse of discretion standard in reviewing a trial court's decision to correct clerical mistakes under Civ.R. 60(A). *In re D.H.*, 4th Dist. No. 09CA11, 2009-Ohio-6009, ¶ 46, citing *Bobb Forest Products, Inc. v. Morbank Industries, Inc.*, 151 Ohio App.3d 63, 2002-Ohio-5370, ¶ 27 (7th Dist.), citing *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100 (1996). Similarly, "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Kenison v. Kenison*, 10th Dist. No. 13AP-507, 2014-Ohio-315, ¶ 9, citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

## IV. LEGAL ANALYSIS

### A. First, Second, and Third Assignments of Error

{¶ 12} In appellant's first, second, and third assignments of error, appellant argues that the trial court erred in ruling on the parties' cross-motions for summary judgment and in dismissing his counterclaim with prejudice. Thus, appellant's first three assignments of error pertain exclusively to the merits of the trial court's May 26, 2015

final judgment entry.  Appellant did not appeal to this court from the trial court's May 26, 2015 final judgment entry.

{¶ 13}  "The Ohio Rules of Appellate Procedure specify the means for perfecting an appeal from an adverse judgment."  *Bank of Am., N.A. v. Robledo*, 10th Dist. No. 13AP-278, 2014-Ohio-1185, ¶ 11.  App.R. 3(A) provides that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4."  App.R. 4(A) requires a party to file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."  The timely filing of a notice of appeal is the only jurisdictional requirement for perfecting a valid appeal.  *Id* at ¶ 12, citing *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), syllabus.

{¶ 14} The only judgment appealed from in this case is the trial court's December 17, 2015 judgment overruling appellant's objections to the magistrate's decision and denying appellant's motion for relief from judgment.  Because appellant did not timely appeal to this court from the trial court's May 26, 2015 final judgment entry, this court does not have jurisdiction to address appellant's first, second, and third assignments of error.  *Colvin v. Abbey's Restaurant, Inc.*, 85 Ohio St.3d 535 (1999) (court of appeals exceeded its allowable appellate jurisdiction in ruling on assignments of error that were unrelated to the order appealed from and, therefore, not properly before the court).[2]

{¶ 15} For the foregoing reasons, appellant's first, second, and third assignments of error are overruled.

### B.  Fourth Assignment of Error

{¶ 16} In appellant's fourth assignment of error, appellant argues that the trial court erred when it overruled his objections to the magistrate's decision and denied his motion for relief from judgment brought pursuant to Civ.R. 60(A), (B)(1), and (5).  We disagree.

---

[2] To the extent that the arguments made in appellant's second and third assignments of error pertain to the judgment appealed from, we will consider them in ruling on appellant's fourth assignment of error.

### 1. Civ.R. 60(A)

{¶ 17} Appellant moved the trial court for relief from the final judgment entry issued on May 26, 2015 pursuant to Civ.R. 60(A). Civ.R. 60(A) provides, in relevant part, as follows:

> (A) Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.

{¶ 18} "Civ. R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *Litty* at 100, citing *Londrico v. Delores C. Knowlton, Inc.*, 88 Ohio App.3d 282, 285 (9th Dist.1993). " 'Substantive changes in judgments, orders, or decrees * * * are not within the purview of Civ.R. 60(A).' " *Whipps v. Ryan*, 10th Dist. No. 14AP-67, 2014-Ohio-5302, ¶ 22, quoting *Nichols v. Nichols*, 10th Dist. No. 13AP-13, 2013-Ohio-3927, ¶ 12, citing *Thurston v. Thurston*, 10th Dist. No. 02AP-555, 2002-Ohio-6746. "Within the context of Civ.R. 60(A), a 'clerical mistake' is 'a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney.' " *LaSalle Bank Natl. Assn. v. Scolaro*, 9th Dist. No. 25084, 2011-Ohio-1218, ¶ 16, citing *Paris v. Georgetown Homes, Inc.*, 113 Ohio App.3d 501, 503 (9th Dist.1996), quoting *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App.3d 116 (8th Dist.1985). Conversely, " '[a] substantive mistake consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original thought, [or because on second thought] it has decided to exercise its discretion in a different manner.' " *Whipps* at ¶ 22, quoting *Lakhi v. Healthcare Choices & Consultants, LLC*, 10th Dist. No. 06AP-806, 2007-Ohio-4127, ¶ 36. "Because Civ.R. 60(A) does not authorize substantive changes to judgments, orders, or decrees, it is reversible error for a trial court to make a substantive change to a judgment, order or other part of the record on the authority of Civ.R. 60(A)." *Nichols* at ¶ 12.

{¶ 19} In discussing the type of mistake covered by Civ.R. 60(A), this court has previously stated:

> [T]he basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of "blunders in execution" whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner.

*Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 10 (10th Dist.), quoting *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247 (12th Dist.1988).

{¶ 20} Appellant argues that the trial court abused its discretion when it denied the motion for relief from judgment because the final judgment entry issued May 26, 2015 contains a clerical error with regard to the dismissal of the counterclaim with prejudice. More particularly, appellant contends that because the trial court's April 14, 2015 decision does not expressly mention the counterclaim, the trial court committed a clerical error when it dismissed the counterclaim with prejudice in the final judgment entry issued May 26, 2015. Appellant also contends that the trial court's entry of judgment against him individually was the result of a clerical error inasmuch as he presented evidence that Let Me Ride, LLC is a limited liability company.

{¶ 21} In *Dokari Invests., LLC v. DFG2, LLC*, 10th Dist. No. 08AP-664, 2009-Ohio-1048, Ohio Valley Bank filed a foreclosure action naming as defendants DFG2, LLC, Donald F. Green, and appellant, who had signed a personal guaranty for the debt secured by the mortgage. The trial court granted the bank's motion for summary judgment and signed the proposed decree of foreclosure submitted by the bank. The decree included language granting judgment jointly and severally against DFG2, Green, and appellant. The final entry confirming the sale of the property and ordering distribution of the proceeds of the sale also included language granting a deficiency judgment against appellant. Appellant filed a motion seeking relief from judgment, pursuant to Civ.R. 60(A), arguing that final entry confirming sale contained a clerical error because the bank had not moved for judgment on the guaranty. Appellant also asserted in the motion that counsel for the bank agreed that judgment was not appropriate against appellant.

{¶ 22} The trial court denied appellant's motion for relief from judgment, and appellant filed a timely notice of appeal. This court held that the error alleged by

appellant was not a "clerical error" for purposes of Civ.R. 60(A). *Id.* at ¶ 16. In affirming the judgment of the trial court, this court stated:

> A clerical error for purposes of Civ.R. 60(A) means the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others.
>
> Appellant argues that the trial court's signing of a judgment entry granting judgment against him individually when Ohio Valley Bank's motion for summary judgment had not sought summary judgment against him constitutes a clerical error of the sort Civ.R. 60(A) was intended to address. We disagree. *The decision whether a submitted entry accurately reflects a decision rendered by the court involves the exercise of discretion by the trial court, and therefore is not subject to correction under Civ.R. 60(A).* Therefore, the trial court did not err when it denied appellant's motion for summary judgment pursuant to Civ.R. 60(A).

(Emphasis added.) (Internal citations and quotations omitted.) *Id.* at ¶ 15-16.

{¶ 23} Here, as was the case in *Dokari*, appellant argues that the proposed entry signed by the trial court contains a clerical error because appellee did not move for judgment on the counterclaim and because the trial court entered judgment against him individually. The record in this case shows that the trial court was aware of appellant's objection to the proposed entry. Under *Dokari*, the trial court's decision whether the judgment entry submitted by appellee accurately reflected the decision rendered on April 14, 2015, involved the exercise of discretion by the trial court. As a result, the May 26, 2015 judgment entry is not subject to correction under Civ.R. 60(A).

{¶ 24} In *Scolaro*, the Ninth District Court of Appeals adopted the reasoning of this court in *Dokari* in holding that the trial court committed reversible error by making a substantive change to a judgment entry. In that case, the trial court granted summary judgment in favor of the lender in a foreclosure action. The trial court signed a judgment entry submitted by the bank wherein it was incorrectly stated that the borrower had failed to respond to the bank's motion for summary judgment. The record showed that the defendant had filed both a response and a cross-motion for summary judgment. After issuing the judgment entry, the trial court attempted to correct the error by treating it as a

clerical error under Civ.R. 60(A).  The Ninth District Court of Appeals reversed the trial court order and remanded the case so that the trial court could make a substantive determination on the cross-motions for summary judgment.  *Scolaro* at ¶ 18.  Quoting this court's decision in *Dokari*, the Ninth District Court of Appeals determined that " '[t]he decision whether a submitted entry accurately reflects a decision rendered by the court involves the exercise of discretion by the court, and therefore is not subject to correction under Civ.R. 60(A).' "  *Scolaro* at ¶ 16, quoting *Dokari* at ¶ 16.

{¶ 25} Under *Dokari* and *Scolaro*, we find the trial court's determination that the proposed final judgment entry submitted by appellee accurately reflected the decision rendered by the court on June 25, 2015 involved the exercise of discretion by the court.  Accordingly, even if the trial court erred when it dismissed appellant's counterclaim and entered judgment against appellant individually, such an error is substantive in nature and not subject to correction under Civ.R. 60(A).  *Dokari*; *Scolaro.*  Appellant should have sought redress of the alleged trial court errors in an appeal to this court, as Civ.R. 60(A) is not a substitute for a timely appeal of a judgment.  *Merkle v. Merkle*, 5th Dist. No. 13-CA-31, 2014-Ohio-81, ¶ 14, citing *Thurston*.

{¶ 26} For the foregoing reasons, we hold that the trial court did not abuse its discretion when it denied appellant's Civ.R. 60(A) motion for relief from judgment.

### 2.  Civ. R. 60(B)

{¶ 27} Civ.R. 60(B) provides that a trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 28} To prevail under Civ.R. 60(B), the movant must show that (1) the movant has a meritorious defense or claim to present if relief is granted, (2) the movant is entitled

to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant must satisfy all three of these requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996); *see also GTE Automatic Elec.* at 151 (finding that the requirements under Civ.R. 60(B) "are independent and in the conjunctive, not the disjunctive").

### a. Civ.R. 60(B)(1)

{¶ 29} Appellant argues that he is entitled to relief from the trial court's final judgment entry under Civ.R. 60(B)(1) because the trial court made a mistake when it sua sponte dismissed his counterclaim and entered judgment against him individually. We disagree.

{¶ 30} This court has consistently held that the "mistake" contemplated by Civ.R. 60(B)(1) is a mistake of a party or others, such as a party's agents, not a mistake by the trial court in its legal analysis. *See, e.g., Freeh v. Hill*, 10th Dist. No. 13AP-377, 2014-Ohio-3929, ¶ 16; *Foy v. Trumbull Corr. Inst.*, 10th Dist. No. 11AP-464, 2011-Ohio-6298, ¶ 11; *Rose v. Zyniewicz*, 10th Dist. No. 10AP-910, 2011-Ohio-3702, ¶ 19. Thus, a motion for relief from judgment under Civ.R. 60(B)(1) cannot be predicated on the argument that the trial court made a mistake in rendering its decision. *Freeh; Foy; Rose.*

{¶ 31} Here, the mistakes alleged by appellant are errors by the trial court in entering judgment, not mistakes by a party or a party's agent. Under the established case law, Civ.R. 60(B)(1) cannot be used to correct such errors. *Freeh; Foy; Rose.* See also *Culgan v. Miller*, 9th Dist. No. 10CA0074-M, 2011-Ohio-6194, ¶ 13; *Hankinson v. Hankinson*, 7th Dist. No. 03 MA 7, 2004-Ohio-2480, ¶ 20; *Smith v. Bd. of Health*, 4th Dist. No. 92CA-2095 (June 28, 1993); *Chester Twp. v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 102 Ohio App.3d 404, 408 (11th Dist.1995); *MidFirst Bank v. Baker*, 2d Dist. No. 25925, 2014-Ohio-2206, ¶ 9; *Antonopoulos v. Eisner*, 30 Ohio App.2d 187 (8th Dist.1972); *Carrabine v. Brown*, 11th Dist. No. 92-G-1736 (Aug. 13, 1993). Accordingly, we hold that the trial court did not err when it denied appellant's motion for relief from judgment under Civ.R. 60(B)(1).

### b. Civ.R. 60(B)(5)

{¶ 32} " 'Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).' " *Wireless Resource LLC v. Garner*, 10th Dist. No. 11AP-1038, 2012-Ohio-2080, ¶ 16, quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. The grounds for invoking this provision should be substantial. *Caruso-Ciresi* at paragraph two of the syllabus. "The key requirements of Civ.R. 60(B)(5) are extraordinary circumstances and undue hardship." *State ex rel. Minnis v. Lewis*, 10th Dist. No. 93AP-812 (Dec. 30, 1993).

{¶ 33} Relief, pursuant to Civ.R. 60(B)(5), may be granted for court errors and omissions, "which are 'distinct' from mere errors in judgment that can be remedied through a timely appeal." *In re J.W.*, 9th Dist. No. 26874, 2013-Ohio-4368, ¶ 30, citing *In re S.J.*, 9th Dist. No. 23199, 2006-Ohio-6381, ¶ 23. For example, an attorney's abandonment of a client may constitute an extraordinary circumstance justifying relief under Civ.R. 60(B)(5). *Smith v. Gilbert*, 2d Dist. No. 2014-CA-81, 2015-Ohio-444, ¶ 14. Similarly, the Supreme Court of Ohio has held that "fraud upon the court" falls within the realm of Civ.R. 60(B)(5). *Coulson v. Coulson*, 5 Ohio St.3d 12 (1983), paragraph one of the syllabus. Additionally, "[a] judge's participation in a case which gives rise to the appearance of impropriety and possible bias could constitute grounds for relief under Civ.R. 60(B)(5)." *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 154 (1988).

{¶ 34} Appellant argues the trial court's error in sua sponte dismissing his counterclaim and entering judgment against appellant individually are the types of extraordinary circumstances that justify relief under Civ.R. 60(B)(5). This court, however, has held that Civ.R. 60(B)(5) is not available to correct legal errors in judgments. *Rose* at ¶ 19 (appellant's assertion that the trial court committed a mistake of law when it granted summary judgment in favor of appellee is not the basis for relief from judgment under Civ.R. 60(B)(1) or (5)). *Accord Smith*, 4th Dist. No. 92CA-2095 (Civ.R. 60(B) may never be used to correct legal errors in judgments either under Civ.R. 60(B)(1) "mistake" or Civ.R. 60(B)(5) "any other reason justifying relief."). Moreover, as discussed

in connection with appellant's first three assignments of error, the trial court's final judgment entry of May 26, 2015 disposed of all the claims in the action and was a final, appealable order.  *See* R.C. 2505.02.  It is axiomatic that a Civ.R. 60(B) motion may not be used as a substitute for a timely appeal.  *Dokari* at ¶ 11.  *See also Harris v. Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-537, 2005-Ohio-6887; *Daroczy v. Lantz*, 10th Dist. No. 02AP-31, 2002-Ohio-5417, ¶ 34; *Kelm v. Kelm*, 73 Ohio App.3d 395, 399 (10th Dist.1992).  *See also Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982).  A party may not predicate a Civ.R. 60(B) motion for relief from judgment on issues that could have been corrected by timely appeal.  *Id.*

{¶ 35} In this instance, any error on the part of the trial court with regard to the decision to sua sponte dismiss appellant's counterclaim and enter judgment against appellant individually could have been raised by appellant and addressed by this court in a timely appeal from the trial court's final judgment entry of May 26, 2015.  Appellant may not use a motion for relief from judgment as a substitute for a timely appeal to this court.  Accordingly, this court is without jurisdiction to address the trial court's decision to sua sponte dismiss the counterclaim due to appellant's failure to timely appeal to this court from the trial court's May 26, 2015 judgment entry.

{¶ 36} For the foregoing reasons, appellant's fourth assignment of error is overruled.

## V.  CONCLUSION

{¶ 37} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

—————————————