[Cite as *Westbrook v. Westbrook*, 2026-Ohio-2192.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jason M. Westbrook, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-720 |
| v. | : | (C.P.C. No. 21DR-001965) |
| Sarah E. Westbrook, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 11, 2026

**On brief:** *Burman & Robinson*, and *Robert N. Burman*, for appellant. **Argued:** *Robert N. Burman*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BOGGS, P.J.

{¶ 1}  Defendant-appellant, Sarah E. Westbrook, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that overruled her Civ.R. 60(B) motion for relief from an agreed amended judgment entry in this divorce action between Sarah and her former husband, plaintiff-appellee, Jason M. Westbrook. For the following reasons, we conclude the trial court did not abuse its discretion in denying Sarah's motion, and we therefore affirm the trial court's judgment.

**I.  FACTS AND PROCEDURAL BACKGROUND**

{¶ 2}  Sarah and Jason were married on May 24, 2009. Jason filed a complaint for divorce on June 7, 2021, and Sarah filed an answer and counterclaim on July 15, 2021. The

trial court issued an Agreed Judgment Entry – Decree of Divorce on September 22, 2022, in which it adopted the parties' voluntary separation agreement, filed September 16, 2022.

{¶ 3} During their marriage, the parties were the titled owners of real property located at 7870 Ashenden Drive in Blacklick, Ohio. At the time of the divorce, the Ashenden Drive property was encumbered by both a mortgage and a homeowners' association lien. The separation agreement incorporated into the September 22, 2022 agreed judgment entry awarded the Ashenden Drive property to Sarah as part of the division of property. The separation agreement stated that the parties had cooperated and applied for a home equity line of credit ("HELOC") with Key Bank, funds from which Jason would retain as payment by Sarah toward Jason's portion of the property division. It also stated, "[n]o later than ninety (90) days after the final hearing herein, [Sarah] shall make a good faith effort to refinance, or otherwise remove [Jason] from, the mortgage (and Line of Credit) associated with the Ashenden Drive real estate." (Sept. 16, 2022 Separation Agreement at 3.) On September 15, 2022, Jason executed a quit-claim deed conveying his interest in the Ashenden Drive property to Sarah. The quit-claim deed was recorded on September 22, 2022.

{¶ 4} On November 30, 2022, the parties filed a joint Civ.R. 60(B) motion to amend the September 22, 2022 agreed judgment entry to revise language "regarding and/or associated with the Home Equity Line of Credit, use of the related funds, [Sarah's] obligation to refinance, payment of outstanding tax liabilities, and payment of the property settlement." (Nov. 30, 2022 Joint Mot. to Amend at 1.) The trial court granted the joint motion and entered an Agreed Judgment Entry Amending the Separation Agreement and the Decree of Divorce Pursuant to Rule 60(B) (the "amended agreed judgment entry") on

January 6, 2023. The amended agreed judgment entry provides, in relevant part, as follows:

> Husband and Wife were the titled owners of the real property known as 7870 Ashenden Drive, Blacklick, Franklin County, Ohio on September 14, 2022. . . . The real property is encumbered by a mortgage . . . in the parties' joint names. . . .
>
> On September 22, 2022 the Ashenden real property was conveyed by the Husband to the Wife and the Wife is now the sole record title owner of the Ashenden real property.
>
> Pursuant to the terms of this Agreement, the real property will also be encumbered by a Home Equity Line of Credit (HELOC) with KeyBank.
>
> Wife was awarded, and she shall retain all right, title, and interest in the Ashenden Drive real estate, free and clear of any claim of Husband, except as otherwise detailed in this Agreement. Wife shall timely pay, indemnify, save, and/or hold Husband harmless on all indebtedness, expenses and liabilities associated with the Ashenden Drive property (other than the KeyBank HELOC, as detailed below), including but not limited to loans, real estate taxes, HOA fees/costs, insurance, repairs and maintenance, utilities, and any other liability associated with Wife's ownership, use and/or occupancy of the real property.

(Jan. 6, 2023 Am. Agreed Jgmt. Entry at 1-2.)

{¶ 5} After detailing how and to whom funds from the HELOC were to be paid, the amended agreed judgment entry states that Sarah "shall refinance or otherwise remove Husband from the mortgage and HELOC no later than March 1, 2024." *Id.* at 6. It further provides, "The real property shall immediately be listed for sale, and shall remain listed for sale until sold" if Sarah "does not refinance or otherwise remove Husband from the mortgage [and] HELOC no later than March 1, 2024." *Id.* at 7.

{¶ 6} On March 7, 2024, Jason filed a motion for contempt, arguing that Sarah had failed to comply with the agreed amended judgment entry by refinancing or otherwise removing him from the mortgage on or before March 1, 2024. Sarah did not file a timely written response to Jason's motion.

{¶ 7} On July 19, 2024, while Jason's motion for contempt remained pending, Sarah filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4) and (5). [PDF 290.] In apparent response to Jason's motion for contempt, Sarah asked the trial court to vacate or to consider satisfied, released, discharged, or no longer equitable provisions of the agreed amended judgment entry that required her to refinance or otherwise remove Jason from the mortgage and HELOC, to hold harmless and indemnify Jason with respect to liability on the mortgage and/or HELOC, and to perform obligations under the Sale of Real Estate section of the agreed amended judgment entry. Sarah based her motion on the fact that, since the filing of the agreed amended judgment entry, Jason had filed for bankruptcy, which had been finalized on January 2, 2024. She argued that the bankruptcy discharged Jason's obligations on the underlying debt secured by the mortgage and on the HELOC. She stated that, because the bankruptcy discharged Jason from liability on the promissory note underlying the mortgage and from liability on the HELOC, there remained "no obligation . . . to refinance." (July 18, 2024 Def.'s Mot. for Relief from Jgmt. at 7.) In other words, she contended that the agreed amended judgment entry's provisions regarding refinancing or otherwise removing Jason from the mortgage and HELOC had been "satisfied, released, and/or discharged," and that "it is no longer equitable that [those] provisions . . . should have prospective application." *Id.* at 2. She argued that requiring her to refinance the promissory note secured by the mortgage from the existing, low interest

rate to a current, higher market rate "is senseless" when Jason can no longer be held personally liable on the debt because of the bankruptcy. *Id*. at 11.

{¶ 8}   The trial court dismissed Sarah's motion for relief from judgment. It stated that, inasmuch as Sarah argues that the agreed amended judgment entry has been satisfied, the motion "does not request that any term governing the termination of the parties' marriage be vacated or modified; rather, it simply argues that [Sarah] has already fulfilled her obligations under the forementioned term." (Nov. 7, 2024 Decision & Jgmt. Entry at 1.) It instead characterized the motion as challenging the merits of Jason's motion for contempt and stated that Sarah's arguments "would be more properly brought as a respons[e]" to that motion. *Id*. at 2. Ultimately, however, the trial court concluded that Sarah's motion "fail[ed] to allege operative facts which, if proven, would warrant relief from judgment" under Civ.R. 60(B), as she simply asks the trial court to find that she already fulfilled her obligations under the agreed amended judgment entry.

{¶ 9}   Sarah filed a timely notice of appeal, after which the trial court stayed proceedings on the motion for contempt pending this appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 10} Sarah raises the following assignments of error for this court's review:

> **FIRST ASSIGNMENT OF ERROR:** The trial court erred as a matter of law and/or abused its discretion in dismissing Defendant-Appellant's Motion for Relief From Judgment, the trial Court stating Defendant-Appellant's Motion did not request that any term or provision governing the termination of the parties' marriage be vacated or modified, when Defendant's Motion for Relief on page (1) thereof specifically stated that provisions of the Agreed Amended Judgment filed on January 6, 2023 and referred to below in Defendant-Appellant's Motion be **vacated** or otherwise considered to be satisfied, released or discharged.

**SECOND ASSIGNMENT OF ERROR:** The trial court erred as a matter of law and/or abused its discretion in dismissing Defendant-Appellant's Motion for Relief From Judgment as under the terms and provision of ***Franklin County Domestic Local Rule 13(C)***, the trial Court should have granted Defendant-Appellant's Motion and scheduled Defendant-Appellant's Motion for Relief of Judgment for hearing because the materials submitted in Defendant-Appellant's Motion alleged operative facts which, if proven, would have warranted the requested relief from judgment.

**THIRD ASSIGNMENT OF ERROR:** The trial court erred as a matter of law and/or abused its discretion in dismissing Defendant-Appellant's Motion for Relief of Judgment in that Defendant could reasonably demonstrate that there exists (1) a meritorious defense or claim if the motion for relief is granted, (2) that the Defendant is entitled to relief under one of the reasons stated in ***Civ.R. 60(B)(4)*** and/or ***(5)***, and (3) this motion has been timely filed.

**FOURTH ASSIGNMENT OF ERROR:** The trial court erred as a matter of law and/or abused its discretion in dismissing Defendant-Appellant's Motion for Relief From Judgment, in that under the provisions of ***Franklin County Domestic Local Rule 13(C)***, "Motions requesting relief from judgment . . . will be reviewed by the court and scheduled for hearing if the materials submitted allege operative facts which, if proven, would warrant relief from judgment, and Defendant-Appellant did submit materials which alleged opera[tive] facts in the form of evidence of Plaintiff's Bankruptcy filing, a deed evidencing conveyance of the real property in question from the Plaintiff (Appellee) to Defendant (Appellant) concurrent with and/or immediately after the parties signed the Divorce Decree and months prior to the filing of Bankruptcy by Plaintiff, and the Agreed Amended Judgment did not contain provisions addressing any obligation on the part of the Defendant related to the filing of Plaintiff's Bankruptcy and/or any obligation of the Defendant associated with Plaintiff's credit record given Plaintiff's filing of the Bankruptcy and conveyance of the real property prior thereto.

(Emphasis in original.) (Appellant's Brief at 5-6.) As all the assignments of error challenge

the trial court's denial of Sarah's motion for relief from judgment, we will address them

together.

## III. DISCUSSION

{¶ 11} To prevail on a motion for relief from judgment under Civ.R. 60(B), "the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 20 (1988), citing *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The trial court must deny the motion if the movant does not meet any one or more of these requirements. *Id.*, citing *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351 (1983). Sarah sought relief under Civ.R. 60(B)(4), which authorizes a trial court to grant relief when "the judgment has been satisfied, released or discharged" or when "it is no longer equitable that the judgment should have prospective application," and under Civ.R. 60(B)(5), a catchall provision that permits relief for "any other reason justifying relief from the judgment." Whether relief should be granted is a question addressed to the trial court's sound discretion. *Id.*, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). We review a trial court's determination of a motion for relief from judgment under an abuse-of-discretion standard. *State ex rel. Russo v. Deters*, 1997-Ohio-351, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶ 12} The gravamen of Sarah's argument in her motion for relief from judgment was that there remained no basis for requiring her to refinance or otherwise remove Jason from the mortgage and the HELOC, because Jason's discharge in bankruptcy relieved him of any personal liability for the underlying home loan and HELOC and because Jason had already quit-claimed his interest in the mortgaged property to Sarah. Sarah primarily relies on Civ.R. 60(B)(4), which "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or

control." *Young v. Young*, 1998 Ohio App. LEXIS 5334, *5 (10th Dist. Dec. 2, 1988), citing *Knapp v. Knapp*, 24 Ohio St.3d 141 (1986). To support a motion for relief from judgment under Civ.R. 60(B)(4), the movant "must prove specific events which have occurred after the judgment and which adversely affect the fair application of the judgment." *Id.*, citing *Swad v. Swad*, 10th Dist. No. 81AP-975 (Apr. 8, 1982). Sarah also moves for relief under Civ.R. 60(B)(5), which reflects a trial court's inherent power to relieve a person from the unjust operation of a judgment. Application of Civ.R. 60(B)(5) is "rare," as it "applies only to a highly unusual and unfair circumstance which is not specifically covered in other parts of Civ.R. 60(B)." *Id.*

{¶ 13} Separate from the merits of her arguments regarding application of Civ.R. 60(B)(4) and (5), Sarah first challenges the trial court's statement that her motion for relief from judgment "does not request that any term governing the termination of the parties' marriage be vacated or modified." (Nov. 27, 2024 Decision & Jgmt. Entry at 1.) As Sarah notes, that statement is incorrect. Sarah asked in her motion that certain provisions of the judgment entry "be vacated" or, *alternatively*, that they be considered to "be satisfied, released, or discharged" or that it is no longer equitable that they have prospective application. (July 18, 2024 Mot. for Relief from Jgmt. at 1.) That said, despite her passing reference to vacatur, the thrust of Sarah's argument was that the requirement to refinance the mortgage and HELOC or otherwise remove Jason therefrom had been satisfied as a result of Jason's bankruptcy; she stated relief should be granted "for all and/or any one or more of the reason(s): (a) the provisions in Agreed Amended Judgment . . . have been satisfied, released and/or discharged; and/or (b) it is no longer equitable that the provisions of the Agreed Amended Judgment . . . should have prospective application." *Id.* at 1-2. Despite her reference to vacatur, Sarah's primary contention was that prospective

application of the requirement that she refinance or otherwise remove Jason from the mortgage and HELOC was no longer equitable. The trial court accurately acknowledged the substance of Sarah's argument despite its misstatement that she did not ask for vacatur of any term of the agreed amended judgment entry, and the trial court's statement that Sarah's motion "does not request that any term governing the termination of the parties' marriage be vacated or modified," although erroneous, does not demonstrate that the court abused its discretion in denying Sarah's motion for relief from judgment. *Id*. at 1. Accordingly, we overrule Sarah's first assignment of error.

{¶ 14} Sarah's remaining assignments of error challenge the trial court's conclusion that she failed to allege in her motion operative facts which, if proven, would warrant relief from judgment under Civ.R. 60(B)(4) or (5). In that regard, we discern no abuse of discretion. And having failed to allege operative facts that would warrant relief from judgment, the trial court was not required to hold a hearing on Sarah's motion. *See Brown v. Brown*, 2018-Ohio-4741, ¶ 14 (10th Dist.).

{¶ 15} With respect to Sarah's claim of relief under Civ.R. 60(B)(4), we note that the Supreme Court of Ohio has limited the use of that rule by parties seeking modification of agreed judgments in domestic-relations cases. *Kenison v. Kenison*, 2014-Ohio-315, ¶ 12 (10th Dist.), citing *Knapp*, 24 Ohio St.3d 141. In *Knapp*, the husband sought relief from a dissolution decree that incorporated the parties' separation agreement, in which the parties had agreed that the husband would pay alimony of $250 per month until the wife died or remarried. The husband subsequently requested an amendment of the decree pursuant to Civ.R. 60(B)(4), arguing it was no longer equitable because of his changed financial situation and his alleged unawareness that the terms of the separation agreement would remain enforceable even if the parties' circumstances changed. The Supreme Court of Ohio

held that Civ.R. 60(B)(4) did not afford relief under those circumstances, because the husband "had an opportunity to control the terms of his agreement" and made a deliberate choice to enter into the settlement agreement. *Id.* It held that Civ.R. 60(B)(4)'s " 'it is no longer equitable' " clause "will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement." *Id.* at paragraph two of the syllabus.

{¶ 16} In *Kenison*, this court also cited *Young*, 1988 Ohio App. LEXIS 5334, in which we relied on *Knapp* to reverse a grant of relief under Civ.R. 60(B)(4). To warrant relief under Civ.R. 60(B)(4), we stated, the movant must point to specific events that occurred after the judgment which adversely affect the fair application of the judgment. *Young* at *5. The appellant in *Young*, who had been awarded a motor home as part of the division of marital property, filed for bankruptcy and discharged all his debts, including the debt owed on the motor home. He had not, however, transferred the marital debt on the motor home into solely his own name, and the bank therefore looked to appellee to recoup the deficiency remaining after the motor home was sold. Appellee moved the trial court pursuant to Civ.R. 60(B)(4) and (5) to correct the omission of the motor home indebtedness from the divorce decree, arguing it was no longer equitable that the divorce decree have prospective application. We held that relief was not available under Civ.R. 60(B)(4) or (5). We stated that the appellee made no showing of specific events after the judgment that adversely affected the fair application of the judgment and that "the parties have not been prospectively subject to a circumstance which they had no opportunity to foresee or control." *Id.* We reasoned that the parties could have expressed in the divorce decree that only appellant was liable for the indebtedness on the motor home had they so intended.

{¶ 17} Even assuming Jason's post-judgment bankruptcy was a circumstance the parties could not have foreseen or controlled, it did not adversely affect the fair application of the amended agreed judgment entry. It is well-settled that a discharge in bankruptcy does not extinguish a debt; it is merely a bar to the enforcement of the discharged debt by legal proceedings. *Hildebrand v. Hildebrand*, 1981 Ohio App. LEXIS 10742, * 3 (10th Dist. June 23, 1981), citing 9 Am.Jur.2d, Bankruptcy, § 750, at 560. *See also Home Banking Co. v. Cunagin*, 1978 Ohio App. LEXIS 8643, *7 (3d Dist. May 19, 1978) (" 'A discharge in bankruptcy is neither a payment nor an extinguishment of a debt, nor does it free the bankrupt from all traces of the debt as though it had never been incurred' "), quoting 9 Am.Jur.2d, Bankruptcy, § 750, at 560. " '[I]t neither destroys the debt nor supplants the moral obligation to pay.' " *Id.*, quoting 9 Am.Jur.2d, Bankruptcy, § 750, at 560. A discharge in bankruptcy is an affirmative defense which is waived if not properly pleaded or raised as a defense. *Hildebrand* at *3, citing *Leeds, Inc. v. Love*, 104 Ohio App. 145 (1st Dist. 1957).

{¶ 18} Sarah agreed as part of the voluntary separation agreement to both hold Jason harmless on all indebtedness and liability associated with the Ashenden Drive property and also to "refinance or otherwise remove Husband from the mortgage and HELOC." (Jan. 6, 2023 Agreed Jgmt. Entry at 6.) These are separate and distinct obligations, and the parties included no exceptions to those obligations in the separation agreement. The parties could have included in the separation agreement an exception to Sarah's obligation vis-à-vis refinancing in the event Jason filed for bankruptcy, but they did not. *See Cavaluchy v. Cavaluchy*, Union C.P. No. 2011 DR 0114, 2012 Ohio Misc. LEXIS 16382, * 10 (May 7, 2012) (decree of divorce provided, "In the event that Husband's liability on the debt for the house is discharged in bankruptcy, Wife's obligation to refinance shall be deemed moot."). Further, Jason's bankruptcy discharge does not adversely affect the

fair application of the voluntarily entered separation agreement incorporated into the agreed amended judgment entry. The discharge in bankruptcy, like Sarah's agreement to hold Jason harmless on debt related to the Ashenden Drive property, shields Jason from personal liability on the debt, but the agreed amended judgment entry required more. While the discharge provides Jason with a defense to personal liability for the indebtedness on the promissory note underlying the parties' mortgage, Jason's name remained on the loan and mortgage, and he would necessarily be named in any foreclosure action should Sarah fail to make required payments on the loan. The agreed amended judgment entry required Sarah to remove Jason—to disentangle him from the instruments associated with the Ashenden Drive property. Accordingly, it was not unreasonable for the trial court to determine that the discharge in bankruptcy did not warrant relief from judgment under Civ.R. 60(B)(4).

{¶ 19} Nor did the trial court abuse its discretion in similarly finding that Sarah presented no operative facts justifying relief under Civ.R. 60(B)(5). As stated above, Civ.R. 60(B)(5) is " 'a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).' " *Wireless Resource LLC v. Garner*, 2012-Ohio-2080, ¶ 16 (10th Dist.), quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. Grounds for invoking Civ.R. 60(B)(5) must be substantial. *Star Merchandise, LLC v. Haehn*, 2016-Ohio-8018, ¶ 32 (10th Dist.), citing *Caruso-Ciresi, Inc.*, at paragraph two of the syllabus. " 'The key requirements [for application] of Civ.R. 60(B)(5) are extraordinary circumstances and undue hardship.' " *Id.*, quoting *State ex rel. Minnis v. Lewis*, 1993 Ohio App. LEXIS 6458 *16 (10th Dist. Dec. 30, 1993). This case does not involve extraordinary circumstances that would warrant relief

under Civ.R. 60(B)(5). As we have stated with respect to Sarah's claim for relief under Civ.R. 60(B)(4), Sarah voluntarily agreed to refinance and/or remove Jason from the mortgage and the HELOC related to the Ashenden Drive property she received in the property division. Her unilateral belief that it is now unnecessary, because of Jason's subsequent bankruptcy, does not render it unjust to hold Sarah to the terms of her agreement.

{¶ 20} For these reasons, we overrule Sarah's second, third, and fourth assignments of error.

## IV. CONCLUSION

{¶ 21} Having concluded that the trial court did not abuse its discretion by denying Sarah's motion for relief from judgment and having overruled each of Sarah's assignments of error, we affirm the trial court's judgment.

*Judgment affirmed.*

EDELSTEIN and DINGUS, JJ., concur.

————————————