[Cite as *K. B. v. Columbus*, 2014-Ohio-4027.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| K. B., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-315 |
| v. | : | (C.P.C. No. 12CV-10208) |
| City of Columbus et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 16, 2014

*Saia & Piatt, Inc., Richard A. L. Piatt* and *Lisa A. Wafer,* for appellant.

*Richard C. Pfeiffer, Jr.,* City Attorney, and *Paula J. Lloyd,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Plaintiff-appellant, K.B., as mother and next friend of H.B., a minor child, appeals from an order of the Franklin County Court of Common Pleas granting the Civ.R. 56 motion for summary judgment filed by defendant-appellee, the City of Columbus ("City"). Because the order granting the City summary judgment is not a final, appealable order, we dismiss the appeal for lack of jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Plaintiff filed a complaint against the City and Todd L. Smith on August 13, 2012. Smith, a former police officer for the City, had been assigned to work as a school resource officer at the high school H.B. attended during the 2010-11 and 2011-12 school years. Plaintiff alleged in the complaint that Smith, while working in his capacity as a

school resource officer, sent H.B. several sexually explicit text messages and forcibly and intentionally pushed himself on her and tried to kiss her. Plaintiff alleged claims of negligent supervision and negligent retention against the City, and alleged claims of battery, assault, and intentional infliction of emotional distress against Smith personally and against the City under the doctrine of respondeat superior.

{¶ 3} On August 27, 2012, the United States of America filed a motion to stay plaintiff's civil action against Smith, as Smith was awaiting trial in federal court on two counts of attempting to produce sexually explicit conduct of a minor, in violation of 18 U.S.C. 2251(a) and (e), and one count of coercion and enticement of a minor for sexual activity, in violation of 18 U.S.C. 2422(b). The trial court granted the motion and stayed the proceedings.

{¶ 4} On March 18, 2013, plaintiff filed a motion to re-activate the case, as the federal criminal case had concluded. The trial court granted the motion and ordered that the case be re-activated.

{¶ 5} On January 31, 2014, the City filed a Civ.R. 56 motion for summary judgment. The City alleged that it was immune from plaintiff's claims pursuant to R.C. 2744.02. On March 14, 2014, plaintiff filed a Civ.R. 56 motion for summary judgment. In the motion for summary judgment, plaintiff noted that Smith had pled guilty in the federal criminal case to one count of coercion and enticement of a minor for sexual activity, and noted that he was "currently serving a prison sentence of seven years in federal prison." (Plaintiff's Motion for Summary Judgment, 4.)

{¶ 6} On March 21, 2014, the trial court filed a decision granting the City's motion for summary judgment. The court noted that R.C. 2744.02 generally provides immunity to political subdivisions such as the City. The court further noted that although there are exceptions to the immunity provided for R.C. 2744.02, none of the exceptions to immunity were applicable to the City in the instant case. On April 10, 2014, the trial court filed a judgment entry reflecting that the court had granted the City summary judgment and dismissing the City from the case with prejudice. The court specifically stated in its judgment entry that "[t]he case remains open pending resolution of the claims against Defendant Todd Smith." (Judgment Entry, 1.) Plaintiff timely appealed the court's

April 10, 2014 judgment entry, and thereafter sought and received a stay of the trial court action pending resolution of the instant appeal.

## II. APPEAL DISMISSED FOR LACK OF A FINAL, APPEALABLE ORDER

{¶ 7} In its brief, the City asserts that we do not have jurisdiction to review plaintiff's appeal, as the judgment entry awarding the City summary judgment is not a final, appealable order. We agree.

{¶ 8} Ohio appellate courts have jurisdiction to review only final, appealable orders of lower courts within their districts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. If an order is not a final, appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed. *Prod. Credit Assn. v. Hedges,* 87 Ohio App.3d 207 (4th Dist.1993). Appellate courts have the duty to sua sponte examine any deficiencies in jurisdiction. *Price v. Jillisky,* 10th Dist. No. 03AP-801, 2004-Ohio-1221.

{¶ 9} When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, the court must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 21 (1989). A trial court's order is final and appealable only if it satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Denham v. New Carlisle,* 86 Ohio St.3d 594, 596 (1999), citing *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 88 (1989).

{¶ 10} R.C. 2505.02(B) defines a final order as follows:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 11} Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." *See Chef Italiano* at syllabus; *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5-7. Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable. *Gen. Acc. Ins. Co.* at 21*,* citing *Douthitt v. Garrison,* 3 Ohio App.3d 254, 255 (9th Dist.1981). *See also Wisintainer v. Elcen Power Strut Co.,* 67 Ohio St.3d 352, 354 (1993), citing *Chef Italiano* (noting that the "no just reason for delay language" is not a "mystical incantation which transforms a nonfinal order into a final appealable order," but that language can "transform a final order into a final appealable order").

{¶ 12} The order granting the City summary judgment affected a substantial right, as it determined plaintiff's action against the City and prevented the plaintiff from obtaining a judgment against the City. Accordingly, the trial court's April 10, 2014 judgment entry was a final order pursuant to R.C. 2505.02(B)(1). *See also Norcold, Inc. v. Gateway Supply Co.,* 3d Dist. No. 17-05-11, 2006-Ohio-6919, ¶ 36. However, the April 10, 2014 judgment entry entered final judgment as to fewer than all of the parties to the action, as plaintiff's claims against Smith remained pending. The judgment entry does not include the Civ.R. 54(B) "no just reason for delay" certification. Therefore, although the April 10, 2014 judgment entry is a final order, it is not a final, appealable order.

{¶ 13} At oral arguments before this court, plaintiff's counsel asserted that the April 10, 2014 judgment entry was a final, appealable order, because it effectively denied plaintiff relief in the instant case. Plaintiff's counsel alleged that, because Smith is currently incarcerated in federal prison, plaintiff will not be able to collect a money judgment against him. However, simply because Smith is incarcerated does not mean that plaintiff is unable to obtain a judgment against him. If plaintiff receives a judgment against Smith in the instant action, plaintiff may attempt to collect on the judgment. If Smith currently has no assets, plaintiff can seek to garnish Smith's wages after Smith is released from prison and re-enters the workforce.

{¶ 14} Plaintiff's counsel also asserted that the April 10, 2014 judgment entry was a final, appealable order because H.B. would suffer emotional trauma if she were forced to participate in one trial against Smith and to participate in another trial against the City. The fact that H.B. might potentially have to testify in two trials does not render the April 10, 2014 judgment entry a final, appealable order.

{¶ 15} As the instant case is a multi-party case, and the trial court entered final judgment to fewer than all of the parties and did not include the Civ.R. 54(B) "no just reason for delay" certification, the court's order granting the City summary judgment is not a final, appealable order. Accordingly, we lack jurisdiction to review it and therefore sua sponte dismiss this appeal.

*Appeal dismissed.*

SADLER, P.J. and O'GRADY, J., concur.

_____