[Cite as *Brown v. Brown*, 2018-Ohio-4741.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mabel Brown, | : | |
| Plaintiff-Appellant, | : | No. 18AP-269 |
| | | and |
| v. | : | No. 18AP-368 |
| | | (C.P.C. No. 13DR-4461) |
| Garry Brown, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 27, 2018

**On brief:** *Robert J. Miller*, for appellant. **Argued:** *Robert J. Miller.*

**On brief:** *Craig P. Treneff*, for appellee. **Argued:** *Craig P. Treneff.*

APPEALS from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Mabel Brown, appeals from the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch's denial of her motion for relief from judgment pursuant to Civ.R. 60(B).

I. **Facts and Procedural History**

{¶ 2} Mabel and defendant-appellee, Garry Brown, were married on September 21, 1994 and divorced on April 7, 2015 by way of an agreed judgment entry—decree of divorce ("decree"). The parties had two children—one child was born in 1998 and the other in 2002. The decree states the parties shall allocate parental rights and responsibilities regarding their two children pursuant to their shared parenting plan.

{¶ 3}   In February 2017, Mabel filed a motion to reallocate parental rights and responsibilities, wherein she requested increased parenting time based on a substantial change in circumstances.   In April 2017, Garry moved for the termination of shared parenting and for his designation as the sole residential parent and legal custodian of the child who is still a minor.  The motions for reallocation were tried before a magistrate on April 23 and 24, 2018, and they remain pending.

{¶ 4}   After filing her motion to reallocate parental rights and responsibilities, but before the trial on that motion, Mabel filed a Civ.R. 60(B) motion seeking relief from the shared parenting plan established by decree in April 2015.   One week later, on November 28, 2017, Mabel filed an amended motion pursuant to Civ.R. 60(B) seeking the same relief.  The November 28, 2017 filing is identical to the November 21, 2017 filing, except Mabel corrected the date of a court filing in another case that she referenced, and she circled certain language on a photocopy of that filing.

{¶ 5}   On March 29, 2018, the trial court held an oral hearing regarding Mabel's November 2017 request for relief pursuant to Civ.R. 60(B).  The trial court indicated to the parties it would hear arguments and would consider all exhibits and testimony previously made part of the record but would not permit additional testimony at the hearing.  No party objected or otherwise raised any issue as to the trial court's approach to the Civ.R. 60(B) motion.  Thus, the parties presented their arguments regarding the Civ.R. 60(B) motion, each addressing such issues as the timeliness of the motion and whether Mabel otherwise had alleged operative facts in support of the motion.

{¶ 6}   On April 3, 2018, the trial court filed a journal entry denying Mabel's November 2017 Civ.R. 60(B) motion.   The trial court found that Mabel could not demonstrate all three requirements for relief under Civ.R. 60(B).  On April 13, 2018, Mabel filed a notice of appeal from the trial court's April 3, 2018 denial of her Civ.R. 60(B) motion (case No. 18AP-269).   On April 16, 2018, Mabel filed an amended notice of appeal correcting the date of the entry appealed from.  Then, on May 23, 2018, the trial court filed a new entry purporting to deny again Mabel's November 2017 request for relief pursuant to Civ.R. 60(B).  Two days later, Mabel filed a notice of appeal from the May 23, 2018 trial court entry (case No. 18AP-368).  For purposes of record filing, briefing, oral argument,

and determination, this court consolidated the appeals docketed under case Nos. 18AP-269 and 18AP-368.

## II. Assignments of Error

{¶ 7}   Mabel assigns the following errors for our review:

> [1.] The trial court erred as a matter of law when it held a hearing on plaintiff-appellant's Rule 60(B) motion and did not allow testimony or evidence.
>
> [2.] The trial court issued multiple entries which were inconsistent with the law and facts and constituted an abuse of discretion.
>
> [3.] The trial court erred as a matter of law when it applied the one year timing limit mandated by Rule 60(B)(1), 60(B)(2) and 60(B)(3) to plaintiff's claims under Rule 60(B)(4) and Rule 60(B)(5) and failed to balance the competing equities of injustice done to movant versus the broad concept of finality. This is tantamount to an abuse of discretion.

## III. Discussion

{¶ 8}   As a preliminary matter, we address our subject-matter jurisdiction in these appeals.  Although the parties have not raised the issue of whether the trial court's May 23, 2018 entry is a final appealable order, an appellate court may raise that jurisdictional question sua sponte and must dismiss an appeal that is not taken from a final appealable order.  *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.).  Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts.  Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03.  If an order is not a final appealable order, the appellate court lacks jurisdiction and the court must dismiss the appeal.  *K.B. v. Columbus*, 10th Dist. No. 14AP-315, 2014-Ohio-4027, ¶ 8, citing *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993).  A trial court order is final and appealable if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).  *Eng. Excellence, Inc. v. Northland Assocs., LLC*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10; *see Lantsberry v. Tilley Lamp Co., Ltd.,* 27 Ohio St.2d 303, 306 (1971) ("A final order * * * is one disposing of the whole case or some separate and distinct branch thereof.").

{¶ 9} Generally, a decision denying a motion for relief from judgment under Civ.R. 60(B) is a final appealable order. *Straquadine v. Crowne Pointe Care Ctr.*, 10th Dist. No. 10AP-607, 2012-Ohio-1152, ¶ 11. Here, however, the trial court's May 23, 2018 entry, purporting to rule on Mabel's November 2017 Civ.R. 60(B) motion, did not actually dispose of that motion. The trial court already had denied that motion by entry on April 3, 2017. Because a trial court lacks jurisdiction to reconsider its own valid final judgment, the court's May 23, 2018 entry was a nullity and not a final appealable order. *State v. Wilson*, 10th Dist. No. 05AP-939, 2006-Ohio-2750, ¶ 9. Therefore, we must dismiss case No. 18AP-368.

{¶ 10} In case No. 18AP-269, which is an appeal from a final appealable order, we address together Mabel's first, second, and third assignments of error because they involve interrelated issues. In her first assignment of error, Mabel asserts the trial court erred in not permitting her to testify or submit other additional evidence at the hearing held on her Civ.R. 60(B) motion. Mabel's second assignment of error alleges the trial court's decision denying her Civ.R. 60(B) motion is contrary to law and the facts and constitutes an abuse of discretion. Lastly, Mabel's third assignment of error contends the trial court applied the incorrect standard in determining whether her Civ.R. 60(B) motion was timely under Civ.R. 60(B)(4) and (5). These assignments of error lack merit.

{¶ 11} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must demonstrate (1) she has a meritorious defense or claim to present if relief is granted; (2) she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), she filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. There will be no relief from judgment if the movant fails to satisfy any one of the prongs of the *GTE* test. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7; *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 12. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} In view of these standards, "if the Civ.R. 60(B) motion contains allegations of operative facts that would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." *Mattingly v. Deveaux*, 10th Dist. No. 03AP-793, 2004-Ohio-2506, ¶ 7. Conversely, "[i]f the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." *Adomeit v. Baltimore*, 39 Ohio App.2d 97 (8th Dist.1974), paragraph four of the syllabus; *see Traxler v. Traxler*, 6th Dist. No. WM-03-015, 2004-Ohio-1644, ¶ 36 ("a party moving for relief under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing").

{¶ 13} Mabel asserts the trial court violated its own local rules in not permitting evidence at the hearing on her Civ.R. 60(B) motion. Mabel contends that a hearing under the trial court's local rules only occurs if the trial court determines that there are operative facts alleged that could warrant Civ.R. 60(B) relief if proven to be true. Mabel reasons that because the trial court held a hearing, it necessarily determined that there were operative facts alleged, and therefore the trial court should have permitted the presentation of testimony and other evidence at the hearing. We disagree.

{¶ 14} First, Mabel failed to object to the trial court not permitting additional evidence at the hearing. A party who fails to raise an argument in the trial court waives the right to raise it on appeal. *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34. Second, the trial court did not abuse its discretion in not permitting additional evidence. Ohio law permitted the trial court to rule on Mabel's Civ.R. 60(B) motion without holding an evidentiary hearing, provided she did not allege operative facts that, if true, would warrant the granting of the motion. And the local rule Mabel cites did not require the trial court to permit additional evidence at the hearing. Local Rule 13(C) of the Franklin County Court of Common Pleas, Division of Domestic Relations, provides: "Motions requesting relief from judgment which do not involve lack of service or lack of jurisdiction will be reviewed by the court and scheduled for hearing if the materials submitted allege operative facts which, if proven, would warrant relief from judgment. All other motions for relief from judgment will be determined without oral argument." This

provision is consistent with Civ.R. 7(B)(2), which states that "[t]o expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." Here, the trial court heard arguments concerning whether Mabel had made the necessary allegations of operative facts that would warrant an evidentiary hearing. The fact that the trial court held an oral hearing permitting the parties to argue the matter, does not lead to the conclusion that it had determined that Mabel had alleged the required operative facts. Because the trial court found that Mabel failed to allege the required operative facts, it did not err in not holding an evidentiary hearing.

{¶ 15} Accordingly, we overrule Mabel's first assignment of error.

{¶ 16} Mabel's second and third assignments of error center on the trial court's finding that her Civ.R. 60(B) motion was untimely. In support of her second assignment of error, Mabel argues the trial court improperly second guessed her actions relating to her delay in raising issues regarding the psychological report of Dr. Charles Gerlach. In her third assignment of error, Mabel contends the trial court applied the wrong legal standard in reviewing the timeliness of her Civ.R. 60(B) motion. These arguments are unpersuasive.

{¶ 17} In its April 3, 2018 entry denying Mabel's request for relief under Civ.R. 60(B), the trial court correctly set forth the timeliness requirement under that rule. The trial court noted that a Civ.R. 60(B) motion must be filed within a reasonable time, and, for motions filed under Civ.R. 60(B)(1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken. Although the trial court's entry does not expressly state Mabel's motion was not filed within a reasonable time, such a finding is implicit in the court's review of the standard, discussion of the facts, and its conclusion that Mabel's motion was untimely. Thus, the trial court did not apply the wrong legal standard to Mabel's Civ.R. 60(B) motion.

{¶ 18} In addition to applying the correct legal standard, the trial court acted within its discretion in determining that Mabel had failed to allege operative facts that would support a finding that her Civ.R. 60(B) motion was filed within a reasonable time. The record before the trial court demonstrated the following undisputed facts. On May 12, 2014, and in connection with the parties' divorce proceedings, Dr. Gerlach issued a psychological report concerning Mabel. Mabel's counsel sent a copy of Dr. Gerlach's report

to Dr. Jeffrey Smalldon for his review. On May 27, 2014, Dr. Smalldon indicated to Mabel's counsel that he was "appalled" and "astonished" by Dr. Gerlach's methodology, and that he would be willing to evaluate Mabel if requested. (May 27, 2014 Letter at 1-2, attached to Jan. 10, 2018 Memo. Contra.) On January 12, 2015, Mabel submitted a signed complaint against Dr. Gerlach with the Ohio State Board of Psychology. In the complaint, Mabel generally cited Dr. Smalldon's observation that Dr. Gerlach's report failed to meet applicable professional standards, and she asserted that the report contained many factual inaccuracies and unsupported conclusions. On the same day Mabel signed the psychology board complaint, January 5, 2015, she filed her proposed shared parenting plan with the trial court. In April 2015, Mabel and Garry agreed upon a shared parenting plan, which mirrored the parental allocation in Mabel's proposed shared parenting plan. The trial court expressly adopted the shared parenting plan as part of its divorce decree. In July 2015, Dr. Gerlach entered into a consent agreement with the Ohio State Board of Psychology generally prohibiting him from submitting psychological opinions in court proceedings. Mabel filed her Civ.R. 60(B) motion in November 2017.

{¶ 19} The central tenet of Mabel's Civ.R. 60(B) motion was that Dr. Gerlach's false and misleading report was unfairly used as leverage to reduce her allocated parenting time. Mabel suggests that she was unfairly coerced and deceived into the shared parenting plan; however, the parental allocation set forth in the court's decree is the same allocation that she proposed. She further asserts that she did not act on her suspicion that Dr. Gerlach's report was unreliable until she learned that Garry's counsel was involved in another case in which Dr. Gerlach's report was discredited. But this assertion does not negate the reality that she signed a complaint against Dr. Gerlach in January 2015 on the same day she submitted her proposed shared parenting plan, and that she was aware that Dr. Gerlach had been suspended from performing psychological evaluations for any court in July 2015, more than two years before she filed her Civ.R. 60(B) motion. Based on these facts, Mabel cannot demonstrate the trial court abused its discretion in finding that her Civ.R. 60(B) motion was untimely because her delay was unreasonable.

{¶ 20} For these reasons, we overrule Mabel's second and third assignments of error.

## IV. Disposition

{¶ 21} Having overruled Mabel's first, second, and third assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, in case No. 18AP-269. Additionally, for the reasons discussed above, case No. 18AP-368 is dismissed.

*Judgment affirmed in case No. 18AP-269;*
*appeal dismissed in case No. 18AP-368.*

BROWN, P.J., and DORRIAN, J., concur.